# Mary Rushton and Henry Rushton, Appellants, *v.* the City of Allegheny et al.

*Negligence—Municipalities—Sidewalks—Coal holes.*

Where coal holes or chutes in the sidewalks of a city are authorized by the municipal authorities, compliance with the regulations relating to them is all that is required of the owners or tenants of the abutting property, in order to relieve them from liability for injuries caused therefrom.

In an action against a city and a property owner and his tenant to recover damages for personal injuries resulting from a fall into a coal hole in a sidewalk, caused by the covering becoming loose, a nonsuit is properly entered where there is no evidence to show how the covering of the hole became loose, and the evidence for the plaintiff shows that the coal hole in question was, in its location and construction, like the great majority of the coal holes in the city ; that the plaintiff and hundreds of others had passed over it at least twice a week during the period of five years immediately preceding her fall, and that none of the pedestrians who had passed over before and after the accident had received any injuries from it, or had complained at any time of a defect in it.

Argued Nov. 4, 1898. Appeal, No. 47, Oct. T., 1898, by plaintiffs, from order of C. P. No. 3, Allegheny Co., May T., 1896, No. 129, refusing to take off nonsuit. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before McCLUNG, J.

At the trial it appeared that about 7 o'clock on May 4, 1895, Mrs. Rushton, one of the plaintiffs, while walking on a sidewalk of Federal street in the city of Allegheny, stepped on the covering of a coal hole and, the covering tilting, fell partly into the hole. There was no evidence as to how the covering had been misplaced.

Other facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Samuel J. Graham*, for appellants, cited Merriman v. Phillipsburg Borough, 158 Pa. 78; Clifford v. Dam, 81 N. Y. 52; Reading City v. Reiner, 167 Pa. 41; Wunder v. McLean, 134 Pa. 334; McNerney v. Reading City, 150 Pa. 611; Daniels v. Potter, 4 C. & P. 262; Congreve v. Morgan, 18 N. Y. 84; Dygert v. Schenck, 23 Wend. (N. Y.) 446; Phœnixville v. Phœnix Iron Co., 45 Pa. 138; Anderson v. Dickie, 1 Robertson, 245; Johnson v. Bruner, 61 Pa. 58; Fee v. Columbus Borough, 168 Pa. 382; Crumlich v. Harrisburg, 162 Pa. 624; Maynard v. Buck, 100 Mass. 48; Beatty v. Gilmore, 16 Pa. 463.

*Elliott Rodgers*, with him *Wm. A. Stone* and *W. P. Potter*, for appellees.

OPINION BY MR. JUSTICE McCOLLUM, October 6, 1899:

The plaintiff, Mary Rushton, claims $30,000 as damages for an injury she received in May, 1895, by a fall into a coal hole or chute in the center of a sidewalk on Federal street, in Allegheny city, and her husband, Henry Rushton, claims $10,000 to compensate him for the loss or impairment of her services, for medical treatment provided for her, and for the extra help required because of her disability. The evidence descriptive of the injury received is not disputed, and the only question to be determined is whether the evidence in the case is sufficient to charge the city, the owners of the property abutting on the sidewalk at the point of the casualty, the lessee in possession of the same, or either of them, with negligence. At the close of the evidence on the part of the plaintiff the defendants moved for a compulsory nonsuit, and their motion was sustained. The nonsuit was followed by a motion of the plaintiffs to take it off, which motion, upon due consideration of it by the court, was denied.

It is a circumstance worthy of note that the defendants in the suit are the city, the owners of the property abutting as aforesaid, and the lessee of the owners. The joinder of the city with the owners of the property and their lessee as defendants shows that the plaintiffs were not able to specify the party chargeable with the alleged negligence, and that it had

its origin in their hope of establishing negligence on the part of at least one of the several parties thus united.

We agree with the learned court below that the plaintiffs cannot maintain their suit without proof of the negligence charged in the statement of their claim. The evidence to sustain the charge must be such as would authorize a jury in finding the material facts as alleged, and evidence which falls short of this does not meet the requirements of the law. If, therefore, the evidence in the case at bar is not sufficient to support the controlling charge, it was the plain duty of the court on the motion of the defendants to enter a compulsory nonsuit, and to deny the plaintiffs' motion to take it off.

The coal holes or chutes in the sidewalks of Allegheny city are authorized by the municipal authorities, and compliance with the regulations relating to them is all that is required of the owners or tenants of the abutting properties. The coal hole or chute in question is, in its location and construction, like the great majority, if not all, of the coal holes or chutes in said city. It was familiar to Mrs. Rushton, and according to her own testimony she passed over it at least twice a week during a period of five years immediately preceding her fall. None of the hundreds of pedestrians who passed over it daily before and after the occurrence in question received any injury from it, or complained at any time to any of the defendants or other persons of a defect in it. All the undisputed facts in the case were opposed to the plaintiffs' contention, and the testimony submitted by them on the trial was clearly insufficient to sustain the charge of negligence against either of the defendants. A careful perusal and consideration of all the testimony warrants this conclusion. It follows that the court below did not err in entering or refusing to take off the nonsuit.

Judgment affirmed.