# Strohm *v.* Haverstick, Appellant.

*Negligence—Sidewalk—Coal hole—Case for jury.*

1. In an action to recover damages for personal injuries sustained by a fall into a coal hole opened in a sidewalk in the direct line of travel to defendant's store, the case is for the jury where the evidence shows that the accident happened shortly after the hole had been opened for putting in coal and apparently closed; that the defendant's uncontradicted proof showed that if the iron covering of the hole had rested where it was designed to rest on the collar provided for it, no displacement of it could have happened by a foot passenger stepping upon it; and that the plaintiff's proof was conclusive that when he stepped upon the covering it slipped away from its bed and left the hole uncovered.

2. In such a case it is not error for the court to refuse to charge that "greater care is required of one using the sidewalk within the space in which cellar doors, openings and steps may be lawfully maintained" than on the remainder of the footway, and to leave to the jury to say whether the plaintiff had exercised reasonable care under all the circumstances.

Argued March 14, 1910. Appeal, No. 3, March T., 1910, by defendant, from judgment of C. P. Cumberland Co., Nov. T., 1907, No. 96, on verdict for plaintiff in case of Charles E. Strohm *v.* Samuel W. Haverstick. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SADLER, P. J.

At the trial it appeared that the accident happened on August 1, 1907, by plaintiff falling into a coal hole in the sidewalk in front of defendant's store, situated directly on the line of travel to his store. There was evidence that early in the morning coal had been delivered to the hole and the covering apparently replaced. Shortly afterwards the plaintiff who was a letter carrier, in passing, in the performance of his work, fell into the hole and was injured.

Defendant presented this point:

4. Greater care is required of one using the sidewalk within the space in which cellar doors and openings and steps may lawfully be maintained, than in using the portion of the sidewalk within which such structures may not be maintained; and if the jury find that the plaintiff did not exercise such care, and the accident complained of resulted in consequence, then he cannot recover here, and the verdict should be for the defendant. *Answer:* We leave it for you to find whether or not the plaintiff exercised reasonable care, under all the circumstances, in passing along the sidewalk. If you find that he did not, the verdict should be for the defendant. [3]

The court charged in part as follows:
The defendant's duty was to have a pavement over which people exercising ordinary care could safely pass, and if he failed in this, and Strohm acted with care in walking over the same, and was injured, then there would be liability on his part. [4]

Verdict and judgment for plaintiff for $1,355.83. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2) refusal of motion for judgment for defendant n. o. v.; (3, 4) above instructions, quoting them.

*E. M. Biddle, Jr.*, with him *J. Webster Henderson*, for appellant, cited: Rushton v. Allegheny City, 192 Pa. 574; Merrigan v. Evans, 221 Pa. 1; Alexander v. Water Co., 201 Pa. 252; March v. R. R. Co., 206 Pa. 558; Oil Co. v. Torpedo Co., 190 Pa. 350; Carter v. Henderson & Co., 224 Pa. 319; Ault v. Cowan, 20 Pa. Superior Ct. 616; King v. Thompson, 87 Pa. 365; Stackhouse v. Vendig, 166 Pa. 582.

*F. E. Beltzhoover*, with him *Arthur L. Reeser* and *Conrad Hambleton*, for appellee, cited: White v. Keystone Tel. Co., 211 Pa. 455; Sturtz v. R. R. Co., 225 Pa. 249; Cohen v.

R. R. Co., 211 Pa. 227; Bucklin v. Davidson, 155 Pa. 362; Gates v. Penna. R. R. Co., 150 Pa. 50; Wetherbee v. Partridge, 175 Mass. 185 (55 N. E. Repr. 894); Foehr v. R. R. Co., 40 Pa. Superior Ct. 7; Homan v. Stanley, 66 Pa. 464; Donovan v. Rapid Transit Co., 102 Cal. 245 (36 Pac. Repr. 516); Pickard v. Smith, 10 C. B. (N. S.) 470; Cameron Mill, etc., Co. v. Anderson, 1 L. R. A. (N. S.) 198; Jennings v. VanSchaick, 108 N. Y. 530 (15 N. E. Repr. 424).

OPINION BY HEAD, J., October 10, 1910:

The case of Rushton v. Allegheny City, 192 Pa. 574, presents several marked and material features none of which appears in the case before us. There the city, the property owner and his tenant were jointly sued. Here the property owner alone is defendant. There the city had, in the exercise of its lawful powers, legislated on the subject of coal holes in the sidewalks and prescribed the manner in which they should be constructed and maintained. The property owner had complied with every requirement of the ordinance. No special or peculiar facts were proven to impose upon him a responsibility from which, prima facie at least, he ought to be relieved when he had strictly obeyed the law ordained by the paramount authority. Here the municipality had never legislated on the subject. It tacitly acquiesced in such use of the sidewalks by the property owners and thus left upon their shoulders the general obligation to exercise due care according to the circumstances. These suggestions alone are sufficient, we think, to show that the case cited is in nowise decisive of the question before us.

In Scheafer v. Sand Co., 31 Pa. Superior Ct. 476, a situation was presented entirely different from that appearing in Rushton v. Allegheny, 192 Pa. 574, or in the record now before us. There neither the municipality, the property owner nor his tenant, was sued, the defendant being a sand company whose driver was delivering a load of sand into an open coal hole when the plaintiff was injured. The

novelty of the plaintiff's claim naturally invited some consideration of the general principles affecting the various classes of persons upon whom the law imposed some degree of responsibility where such openings were maintained in sidewalks of public streets.

In so far as the views of this court there expressed are applicable to the case in hand, they are fairly reflected in the following excerpts from the opinion: "A coal hole constructed like the one under consideration is not an unlawful and criminal nuisance per se. The right to construct and use it is a concession made by the public to the property owner, growing out of the necessities of modern urban life. True, the public exacts a consideration for the grant and this consideration the property owner, by accepting it, agrees to pay. . . . It would not strike even a layman as singular that the law should impose on such owner, as a compensation for his privilege, the duty of reasonably safeguarding his opening so as to fairly protect the public in its ordinary use of the street," etc.

The plaintiff here does not contend that a case of negligence is made out merely because the defendant constructed and maintained a coal hole in the sidewalk; nor does the latter deny his responsibility if his conduct has been shown to have failed to measure up to the standard stated. He does earnestly argue, however, that no facts have been proven which, in themselves or in the inferences justly deducible from them, furnish any foundation upon which may be properly predicated the conclusion that the plaintiff's injury was attributable to any negligent act of his. And, moreover, that the learned trial court should have so declared as matter of law, and directed a verdict in his favor.

The defendant thoroughly established, by proof which was not contradicted, that the coal hole he maintained in the sidewalk was so constructed that if the iron covering rested where it was designed to rest, on the deep shoulder or collar provided for it, no misplacement of it could happen by a foot passenger stepping upon it. The plain-

tiff just as conclusively proved that he had suffered an injury because when he stepped upon the covering it slipped away from its bed and left the hole uncovered. From these facts established the jury might fairly infer that, at the moment of the accident, some foreign substance had found its way to the shoulder of the rim thus preventing the iron covering from resting on its accustomed bed. Such an inference was not only invited but was almost impelled by the facts proven. It could not be fairly classified as a mere conjecture or speculation unsupported by evidence.

It seems clear enough that when the defendant opened the coal hole for the receipt of his coal and turned over, for the time being, to the driver of the coal wagon his own obligation to reasonably guard the dangerous opening in the sidewalk, he did not cease to be responsible for any negligent act or omission of that driver. When the latter had discharged his load he attempted to restore the metal covering to its accustomed place. To the eye of the passer-by it appeared as if he had succeeded. But the unfortunate experience of the plaintiff proves he did not.

As we have seen, the defendant was doubtless justified in assuming that when the heavy iron covering had been properly replaced on the collar provided for it, the sidewalk would be safe. What duty did he then owe to see that the covering was securely replaced? Was it his duty, in the exercise of reasonable care, to examine and see that the shoulder of the rim was free from dust and débris from the coal that had gone through the opening? Would a man of reasonable prudence and care have foreseen that such an accumulation was the probable result of unloading the coal in the quantity and manner shown by the evidence?

These questions we think could be properly answered only by a jury after having been adequately instructed by the trial judge. The standard of defendant's duty, in many particulars, was not so well defined that the trial court could determine, as matter of law, that negligence

had or had not been shown. The point for binding instructions and the motion for judgment n. o. v. were properly denied and the first and second assignments are overruled.

The third assignment complains of the answer to the defendant's fourth point. It asked the court to say that "greater care is required of one using the sidewalk within the space in which cellar doors, openings and steps may lawfully be maintained" than the remainder of the footway. Even if, arguendo, 'we concede the correctness of the general principle asserted by the point, it could not have been properly applied here, at least without modification, because the evidence showed that the opening into which plaintiff fell, was directly in the line of travel usually adopted by the public entering or leaving defendant's store and coming from or going to one portion of the town. The learned trial judge was therefore right in holding that the measure of care required of the plaintiff was, under all of the circumstances, for the jury.

The remaining assignment to an excerpt from the general charge is best and fully answered by an examination of the entire charge itself. It demands no further discussion here.

Judgment affirmed.

PORTER, J., dissents.