Cooney *v.* City of Pittsburgh (et al., Appellant).

Argued May 1, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Emanuel Goldberg,* with him *Maurice A. Wheeler,* for appellant.

*Ross. W. Thompson* and *L. Robert Brennan,* for appellee, were not heard.

OPINION BY KENWORTHEY, J., July 23, 1942:

On May 28, 1938, about four-thirty P.M., plaintiff stepped on a coal hole cover on the sidewalk in front of premises owned by the additional defendant. The cover tilted with her weight, causing her leg to go into the hole with resulting injury. She brought suit against the City of Pittsburgh, which, in turn, brought in the property owner as an additional defendant. The court granted a compulsory non-suit as to the city; the plaintiff has a verdict against the property owner, who appeals from the refusal of her motion for judgment n. o. v.

The plaintiff described the accident as follows: "I was just walking up the avenue when I came to this place, I did not see it, but I stepped—you know, when you are walking,—my foot went on it and the lid went and my leg went down in it. The lid flew off and hit me in the back, but my knee went clear down."

She called a witness who testified that he had frequently passed over the point where the accident happened and that for a period of four or five years the lid had been in such condition that stepping on it would cause it to tilt or wobble. Another witness testified that a month or so before the accident she had noticed that the lid "rocked back and forth;" another witness testified that two or three days before the accident she had seen some boys remove the lid. An architect testified that lids of the type involved ordinarily have a fastening device which is operated from the inside and which keeps the lid secure and prevents its removal from the

outside; and this lid was provided with attachments for such a device. The inference is the device was not in use.

In our opinion, the questions of negligence and contributory negligence were properly left to the jury. As Judge HEAD, speaking for this court in *Strohm v. Haverstick*, 44 Pa. Superior Ct. 166, 169, quoting from *Schaefer v. Sand Co.*, 31 Pa. Superior Ct. 476, pointed out: " 'A coal hole constructed like the one under consideration is not an unlawful and criminal nuisance per se. The right to construct and use it is a concession made by the public to the property owner, growing out of the necessities of modern urban life. True, the public exacts a consideration for the grant and this consideration the property owner, by accepting it, agrees to pay ....... It would not strike even a layman as singular that the law should impose on such owner, as a compensation for his privilege, the duty of reasonably safeguarding his opening so as to fairly protect the public in its ordinary use of the street.' " Examination of the decisions reveals that less evidence is required to charge a property owner with liability for injuries caused by a tilting coal hole cover than for injuries caused by an otherwise defective sidewalk. The basis for the distinction is perhaps to be found in the fact that, whereas the maintenance of the sidewalk is a convenience to the public, the maintenance of the coal hole is for the sole convenience of the property owner. And, although the cases don't go so far as to hold he must maintain it at his risk, if a cover gives way and causes injury, the burden shifts to him to show that he was without fault. *Dickson v. Hollister*, 123 Pa. 421, 16 A. 484; *Posey v. National Bank of Western Pennsylvania*, 243 Pa. 568, 90 A. 363; *Strohm v. Haverstick*, supra.

*Vendig v. Union League of Philadelphia*, 291 Pa. 536, 140 A. 503, is distinguishable. There the property

owner was held not liable because it was revealed in the plaintiff's case that the lid had been improperly replaced by a coal dealer but a short time before the accident.

Although plaintiff admitted she did not look at the cover before she stepped on it, this, in our opinion, would not convict her of contributory negligence as a matter of law. There is nothing to indicate that the cover appeared to be dangerous and one of plaintiff's witnesses testified that without stepping on it there was nothing in its appearance to indicate it was "wobbly." See *Dickson v. Hollister*, supra.

Judgment is affirmed.