## Scheafer *v.* Iron City Sand Company, Appellant.

*Negligence—Sidewalks—Coal hole—Contractor.*

Where a contractor for the construction of a building, having full control over the building as if he were owner, opens a coal hole in the sidewalk and directs the driver of a sand dealer to shovel sand into the coal hole, and while the latter is doing so, a pedestrian falls into the hole, which was in no way guarded, the sand dealer is not liable for the injuries sustained.

Argued April 23, 1905. Appeal, No. 130, April T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1902, No. 427, on verdict for plaintiff in case of Robert J. Scheafer, minor, by his next friend and mother, Mary Scheafer, and Mary Scheafer in her own right, v. Iron City Sand Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Reversed.

Trespass to recover damages for personal injuries, sustained by a fall in a coal hole in a sidewalk. Before COLLIER, P. J.

Verdict and judgment for plaintiff for $1,032.50. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Stephen Stone*, of *Stone & Stone*, for appellant.—One not personally interfering, or giving directions respecting the manner of work, but contracting with a third person to do it, is not responsible for a wrongful or negligent act in the performance of the contract, if the act agreed to be done is legal: Harrison v. Collins, 86 Pa. 153.

*E. J. Smail*, with him *Thomas L. Kerin*, for appellees.—The party who places or is responsible for permitting an obstruction in the highway is liable to one injured thereby : Gates v. Penna. R. R. Co., 150 Pa. 50; Beatty v. Gilmore, 16 Pa. 463; McNerney v. Reading City, 150 Pa. 611; Bruch v. Philadelphia, 181 Pa. 588.

OPINION BY HEAD, J., October 5, 1906 :

There is no serious contention between the parties as to the material facts in this case. The owner of a large building on Fourth avenue, a busy street in the city of Pittsburg, had turned it over to a contractor for the purpose of having extensive repairs made. At the time of the accident the contractor had the full possession and control of the building and may be considered, for the purposes of this case, as standing in the shoes of the owner, exercising the same rights and subject to the same obligations, as to the use of the building, that would ordinarily attach to the owner. The ground under the sidewalk in front of the building had been excavated, as is customary in cities, for a coal vault, into which material could be delivered from the street through an opening in the sidewalk commonly known as a coal hole. The contractor ordered a load of sand from the appellee and shortly thereafter a loaded wagon, in charge of one of the sand company's drivers, reached the building. He was told by a representative of the contractor that the sand was to be delivered through the coal hole into the vault beneath and that the covering would be removed

and the hole opened so that he could shovel the sand from the wagon at the curb directly into the vault.   The hole was opened from the inside, not by the driver of the wagon, but by someone acting for the contractor.   No barricade was erected around the hole, nor does it appear that any person was placed on the sidewalk to warn the public of the opening.   While the sand was thus being delivered the plaintiff, a telegraph messenger boy, was passing down the street about ten o'clock in the morning and, not noticing the opening, fell into it and was injured.   He brought an action against the sand company to recover damages, alleging a negligent breach of its duty, from which his injury resulted.   The learned trial court refused the defendant's point for binding instructions and entered judgment on a verdict in favor of the plaintiff, from which judgment this appeal is taken.   It may also be mentioned as an interesting if not important fact that the plaintiff had already recovered a verdict against the contractor in a similar action, although the offer of the record so showing was refused on the trial of this case.

The first assignment of error challenges the right of the plaintiff to recover on the broad ground that the evidence fails to disclose any act of negligence on the part of the defendant, or, in other words, that under the law and the facts it owed to the plaintiff no duty in regard to the open coal hole, in a breach of which may be found the proximate cause of his injury.

Generally speaking the law imposes on a municipality the duty of keeping the streets and sidewalks thereof in a safe condition for the use of the traveling public, and clearly enough, within well-known and established conditions, it must answer for any injury resulting from a breach of that duty. The owner of a building in a populous city is permitted, ex necessitate, to excavate the ground under the sidewalk and make an opening in the latter to enable him to utilize the space so obtained and thus qualify, to a degree, the general right of the public to the exclusive use of the sidewalk for passage. It would not strike even a layman as singular that the law should impose on such owner, as a compensation for his privilege, the duty of reasonably safeguarding his opening so as to fairly protect the public in its ordinary use of the street,

but still, from the same necessity, leaving on the traveler the duty to avoid those open and palpable dangers of the existence of which the use of his own senses would admonish him.    Of course, if a trespasser or wrongdoer in the commission of a tort were to create a pitfall in the steet, to the injury of one lawfully using the way, he would be held responsible for the consequences of his act.    With all these varying obligations the courts and writers of standard text-books have abundantly dealt, and were our case in any of these categories, we would find that authority had clearly blazed the way leading to a correct solution of it.    But neither the industry of counsel, nor any independent examination of the subject we have been able to make, has led to the discovery of any decision by a court, or discussion by a text-writer, that would affirm the responsibility of the present defendant for the injury suffered by the plaintiff, or suggest a sound reason on which such responsibility could be predicated.    The driver of the sand wagon did not open the coal hole.    He could not have done so without trespassing on the rights of the owner.    He had no control over it.    It was neither constructed, maintained nor used for the convenience of the sand company.    It served the purposes of the owner.    It was a matter of indifference to the defendant whether the sand was delivered in the coal hole, on the sidewalk or on the margin of the street whence it could be carried into the building.    The sand company and its driver were engaged in a lawful business, and in so far as it may be fairly said that they were using the coal hole at all, as distinguished from the use by the owner, they were subjecting it but to the natural and ordinary use for which it was made.    Can such use be said to be a negligent act on the part of this defendant ?    It seems anomalous to say, because the law imposes on an owner the performance of certain duties as the condition on which he may permanently maintain and use a coal hole in a sidewalk, the same responsibility must be shouldered by every merchant dealing in coal, sand, lime or other like materials, who, at the instance and for the convenience of the owner, delivers such material into the receptacle prepared by him.    To make the point more clear let us take a more marked illustration which will not in any way change the principle involved.    If an owner of a building on a busy

street, for the purpose of rendering access to his basement more convenient for himself, his tenants, servants and those who visited or dealt with him, should maintain and use an open, unguarded and dangerous cellar-way in the sidewalk, it will be conceded he would be responsible for the injury happening to a passer-by who, without fault of his own, fell into it. The municipality which, after notice, actual or constructive, of the existence of such dangerous place, permitted its maintenance, might also incur liability. But if a huckster with a sack of potatoes on his shoulder or a butcher's boy with a roast were in the act of delivering them to the basement, and using the area-way for that purpose, at the moment a traveler on the sidewalk fell into it, to hold them responsible for the resulting injury would be to border closely on the absurd. If they, however, owed no duty to the injured person, notwithstanding the fact they were making a temporary use of the dangerous opening in the sidewalk, it is impossible, we think, to say logically, that there was any breach by this defendant of any duty to the plaintiff or, in other words, that it was guilty of any act of negligence.

No good purpose would be subserved by reviewing in detail the cases cited in the briefs of counsel. They all deal with the duties that either the municipality or the property owner owed to the injured person or to each other. In no one of them has it been held or intimated that a person suffering an injury, under conditions like those that now present themselves, could recover therefor from one who occupied no such relation towards him as the municipality or the property owner, who was in no way charged with the duty of keeping the streets and sidewalks free from dangerous obstructions, who had not himself placed or caused to be placed in the way of the traveler any such obstruction, and who was, at the time of the injury, engaged in the transaction of his lawful and usual business.

A coal hole constructed like the one under consideration is not an unlawful and criminal nuisance per se. The right to construct and use it is a concession made by the public to the property owner, growing out of the necessities of modern urban life. True, the public exacts a consideration for the grant and this consideration the property owner, by accepting it, agrees to pay. The municipality, which is the guardian and repre-

sentative of the public, must see that this contract is carried out or accept the liability that usually attaches to a surety where his principal makes default. To hold that the defendant in this case was obliged to build a barricade around the hole opened by the owner of the building, or see that the owner complied with his duty in that respect, or else drive away with the sand undelivered, would be tantamount to a prohibition of the use of such openings.

It is the function of the law to secure to the traveler a reasonably safe passage over the public streets and this it aims to do by holding the municipality and the property owner to a strict performance of their well-defined duties in this regard. But it is not its object to uselessly interfere with or destroy any of those adjuncts to the performance of the usual avocations of men, brought into existence by the common necessities of the ever-increasing populations of our cities and towns.

We think, therefore, the first assignment of error must be sustained, and as that necessarily results in the destruction of the plaintiff's case there is no occasion to consider the remaining assignments.

Judgment reversed.