# Powell, Appellant, *v.* Wilhelm.

*Negligence—Hole in sidewalk—Sidewalk—Delivery of beer.*

1. In an action against a brewing company to recover damages for personal injuries from a fall through a hole in a sidewalk, a verdict and judgment for plaintiff will be sustained, where the evidence shows that the defendant directed one of their drivers to deliver a barrel of beer to a hotel keeper by placing the same in an ice box in the cellar of the hotel through a coal hole in the sidewalk in front of the hotel, and that the driver opened the coal hole, left it unguarded for about four minutes, and while he was in the cellar storing the beer in the ice box, the plaintiff, a pedestrian, without negligence fell into the hole, and was injured.

2. In such a case where the evidence for plaintiff shows that the accident happened about eight o'clock in the evening, that the sidewalk was crowded, and that the immediate locality of the hole was somewhat dark, the question of the plaintiff's contributory negligence is for the jury. If the evidence is conflicting as to whether the plaintiff was intoxicated or not, this question is also for the jury.

3. In such a case the court cannot say as a matter of law that the act of the driver was outside the line of his employment, where it appears from the testimony of one of the defendants that the driver was instructed by his employers to put the beer in the cellar through the hole in the sidewalk.

Argued Oct. 26, 1911. Appeal, No. 154, Oct. T., 1911, by plaintiff, from judgment of C. P. Blair Co., June T., 1909, No. 223, for defendant n. o. v. in case of Edward E. Powell v. George Wilhelm, George Schimminger and William R. Ramsay, Copartners, trading as the Altoona Brewing Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries.  Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for the plaintiff for $40.00.  Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*R. A. Henderson*, with him *Clyde E. Brown*, for appellant.—It would not have been necessary for any instructions to have been given the driver in order to charge his employers for his negligence in delivering the beer: Brennan v. Merchant & Co., 205 Pa. 258.

The question before an appellate court on appeal from judgment for defendant non obstante veredicto under the Act of April 22, 1905, P. L. 286, is whether the lower court upon a review of the whole case would have been justified in giving binding instructions for defendant: Lightcap v. Nicola, 34 Pa. Superior Ct. 189; Stout v. Young, 217 Pa. 427; Dalmas v. Kemble, 215 Pa. 410; Bond v. R. R. Co., 218 Pa. 34.

If a party makes a gratuitous engagement, and actually enters on the execution of the business, and so negligently does it from want of due care that another suffers damage thereby, an action will lie for this misfeasance: Rehder v. Miller, 35 Pa. Superior Ct. 344; Gates v. Penna. R. R. Co., 150 Pa. 50; Fuhrmeister v. Wilson, 163 Pa. 310.

The question of contributory negligence cannot be treated as one of law unless the facts and the inferences from them are free from doubt.  If there is a doubt as to either the case is for the jury: Coolbroth v. Penna. R. R. Co., 209 Pa. 433; Wall v. Pittsburg, 205 Pa. 48; McHugh v. Kerr, 208 Pa. 225; Glading v. Philadelphia, 202 Pa. 324; Gillard v. Chester, 212 Pa. 338; Brown v. Milligan, 33 Pa. Superior Ct. 244; March v. Phœnixville Boro., 221 Pa. 64.

The public has the right to use of the entire sidewalk in a city and a grating covering a hole must be kept in repair regardless of the proximity of the hole to the building: McLaughlin v. Kelly, 230 Pa. 251; Gillard v. Chester, 212 Pa. 338; Brown v. Milligan, 33 Pa. Superior Ct. 244; March v. Phoenixville Boro., 221 Pa. 64.

*Thomas H. Greevy*, with him *E. G. Brotherlin*, for appellee.—The case was ruled by Scheafer v. Iron City Sand Co., 31 Pa. Superior Ct. 476.

OPINION BY RICE, P. J., March 1, 1912:

The defendants were engaged in the brewing business, and for many years had sold and delivered beer to the proprietor of a hotel situate on Eleventh street in the city of Altoona. The evidence would warrant a finding that, according to the course of dealing between these parties, delivery of beer was not complete until it was placed in the ice box in the cellar of the hotel, and that the method of doing this was by taking off the lid of a hole in the sidewalk in front of the hotel, dropping the barrel or keg through this hole into the cellar, and then carrying it to the ice box which stood near. The testimony as to the exact size and location of this hole varied. But there was testimony that it was from three to five feet from the barroom door, that the opening was about two feet and eight inches wide by three feet long, and that its inner edge was from three to five inches from the wall of the building. Between seven and eight o'clock of the evening of July 31, the defendants' driver, in the regular course of his employment, drove their beer wagon to the curb in front of the hotel, unloaded a half barrel of beer, then opened the hole, and, after dropping the barrel into the cellar, went in and carried it to the ice box and deposited it therein. According to the testimony of the driver, the time occupied, during which the opening in the sidewalk was left uncovered and unguarded, was about four minutes. During that time, the plaintiff came out of the barroom door, and what then oc-

curred is thus described by him: "The street was crowded, even the curb and sidewalk, and still close into the window; but the people was traveling in both directions. I went to step out of the way of somebody and stepped over to this trap hole, and stepped fair and square down into it." He also testified that the hole was just outside a barroom window and that, although he was giving attention to where he was going, he did not see it. In further explanation of that fact, he testified: "It was kind of dark there, darkened by the curtain or whatever they have got up at the glass to keep people from looking into the bar, and also a fire escape hanging right above the window kind of darkened this hole where I was walking." The defendants alleged, and gave evidence tending to show, that he was intoxicated, and that the accident occurred by reason of that fact. But he denied that he was intoxicated, and, therefore, that question was for the jury. Their verdict, interpreted in the light of the court's answer to the defendants' first point, implies a negation of the defendants' contention upon this point.

The reasonable care which the law exacts of all persons, in whatever they do involving the risk of injury, requires travelers on the footways of public streets to look where they are going; but this does not necessarily imply that the pedestrian must keep his eyes constantly and at every moment upon the pavement. If there is a conflict of testimony, or, for any cause, there is a reasonable doubt as to the facts, or as to the inferences to be drawn from the facts established by the evidence, the contributory negligence of the pedestrian is a question for the jury. Robb v. Connellsville Boro., 137 Pa. 42; Lerner v. Phila., 221 Pa. 294; Graham v. Phila., 19 Pa. Superior Ct. 292; Brown v. Milligan, 33 Pa. Superior Ct. 244; and Ford v. Phila., 45 Pa. Superior Ct. 404, are some of the many cases in which these principles have been recognized and applied. It is true, there are exceptional cases in which it has appeared, by the plaintiff's own testimony, that, if he had looked, he must necessarily have seen the obstruction, and that there

was nothing to prevent him from looking. The case of Stackhouse v. Vendig, 166 Pa. 582, was a case of that character. There, the Supreme Court refused to sustain a recovery because "he took no heed of his movements. Had he been looking where he was going he would necessarily have seen the cellar doors and avoided them. His accident was his own fault." The distinction between that case and the present is apparent, and it is to be borne in mind that, in determining whether a conclusion of law in any adjudicated case is a precedent in a subsequent one, the value of the first, usually, is measured by its similarity or dissimilarity to the second in its controlling facts: Yoders v. Amwell Twp., 172 Pa. 447. Viewing the plaintiff's testimony as to the size and location of the hole, the crowded condition of the sidewalk, the condition as to light, and the attention he gave to his steps, in the light of these well-established principles, it is quite clear that the court would not have been justified in charging, as matter of law, that recovery was barred by contributory negligence.

Nor would the court have been justified in charging, as matter of law, that leaving the hole in the sidewalk unguarded and uncovered while the defendants' driver was stowing away the beer in the ice box, was a nonnegligent act. It may be conceded, as was said in Scheafer v. Iron City Sand Co., 31 Pa. Superior Ct. 476, that the owner of a building in a populous city is permitted, ex necessitate, to excavate the ground under the sidewalk and make an opening in the latter to enable him to utilize the space so obtained. The principle recognized in that case would apply, a fortiori, where the purpose was to obtain a passageway to the cellar or basement for putting in and taking out goods. It follows that the opening in question, having, as it did, a proper cover, was not a nuisance per se. But it is equally plain that neither the owner of the premises nor anyone else had a right to remove the cover and leave it removed, without any other safeguard against injury to pedestrians, while he was doing work in the cellar or

basement. There was ample evidence to sustain a finding by the jury that this act, in that place and under the conditions described, was a negligent act, and that it was the proximate cause of the plaintiff's injury.

The next inquiry is as to the liability of the defendants for this negligent act of their employee. Even where the relation of master and servant exists, the former is only liable for the acts of the latter done in the course of his employment, and, while the question of what is within the course of such employment is usually one for the jury, yet, when the facts are undisputed and it clearly appears that the act of the servant was outside the line of his employment, it is the duty of the court so to declare: Connor v. Penna. R. R. Co., 24 Pa. Superior Ct. 241. It was upon the ground that the driver was not acting within the scope of his employment at the time the accident happened, that the learned judge entered judgment for the defendants n. o. v. But, as shown by his opinion, this conclusion was based upon a misapprehension of the testimony. As pointed out above, the evidence would have warranted a finding that, as between the defendants and the hotel proprietor, delivery would not have been complete until the beer was deposited in the ice box, and the testimony that the driver was instructed by his employers to put the beer in the cellar through this hole, came from one of the defendants. It must, therefore, be regarded as admitted, or, at least, as established by the verdict, that the defendants knew of the hole, that the driver was engaged about their business, and that he was obeying their instructions in using it. Whether or not they instructed him to close the hole or guard it, while he was engaged in the cellar, does not appear. Nor would the fact that they gave such instruction be material, if, as we have stated, the negligent act was done by him while carrying out his masters' orders to deliver the beer in the cellar through this hole. We see no reason to doubt, under the admitted facts and those which the jury were warranted in finding, that the rule respondeat superior

applies to the case. Great reliance is placed, by appellee's counsel, upon the case of Scheafer v. Iron City Sand Co., 31 Pa. Superior Ct. 476. But the two cases are distinguishable in more than one important particular. In that case, the hole in the pavement was opened by the contractor, who stood in the place of the owner. In this case, there is no evidence that the hotel proprietor knew of, or assented to, the hole being left open and unguarded at the time in question. In that case, the nuisance was created by the owner of the building or the person who stood in his shoes; while, in this case, it was created by the defendants' servant in the doing of the business for which he was employed. The case cited was correctly decided, under the state of facts involved in it, but we cannot agree that it rules the case in hand. In conclusion, we remark that a judgment non obstante, under the Act of April 22, 1905, P. L. 286, may be entered only in cases where binding direction to the jury would have been proper at the trial; where the finding of the jury is improper, the remedy is, as heretofore, by a new trial.

The judgment is reversed, and the record is remitted with direction to enter judgment on the verdict.