# Spratt *v.* Reymer & Brothers, Incorporated, Appellants.

*Negligence—Hole in sidewalk—Contributory negligence—Case for jury.*

1. In an action by an elderly woman against the proprietor of a store building to recover damages for personal injuries resulting from falling into an opening in the sidewalk immediately in front of the store, the case is for the jury, both on the question of defendant's negligence, and the question of plaintiff's contributory negligence, where the evidence tends to show that the accident happened on a congested sidewalk; that at the time of the accident it was raining so that the plaintiff and other pedestrians carried hoisted umbrellas; that the opening was about two and a half feet wide, and ordinarily protected by an iron covering; that at the time of the accident an employee of an ice company was delivering ice through the opening, and was himself leaning down over it; that the hole had been opened at the instance of the defendant, who had given instructions to the ice company and its servants, that when the door was opened pedestrians were to be carefully protected from injury; and that the plaintiff not noticing the hole or the stooping form of the iceman, fell over him partly into the hole, and was injured.

*Appeals—Review—Charge—Harmless error.*

2. A judgment for plaintiff in an action for damages for injuries resulting from a fall in a hole in a sidewalk, will not be reversed because the trial judge said to the jury that the plaintiff had a right to presume that the sidewalk was perfect at the time, if it appears that the court, when its attention was called to this statement, further charged that he meant that the plaintiff had a right to presume that the sidewalk was in a reasonably safe condition.

Argued April 16, 1914. Appeal, No. 59, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., First Term, 1912, No. 150, on verdict for plaintiff in case of Martha J. Spratt v. Reymer & Bros., Incorporated. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before COHEN, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Defendant presented, inter alia, the following points:

1. Under all the pleadings and the evidence, your verdict must be for the defendant. *Answer:* Refused. [1]

3. In walking along the sidewalk, the plaintiff was bound to exercise care, to look where she was going, and to exercise all her senses in avoiding danger to herself. *Answer:* This point is affirmed. Although she has a right to presume that the pathway is perfect, she must exercise her senses, and she must not be regardless of those duties essential to the protection of one's own safety in life and limb. [3]

4. If plaintiff saw, or in the exercise of ordinary care, should have seen the opening into which she fell, then she was guilty of contributory negligence, and cannot recover in this action. *Answer:* This point is affirmed. But what is the evidence? If she saw that hole and fell into it, she cannot recover, that point says, and I say. But what did she tell you? That when she left Rosenbaum's and marched up Fifth avenue past Reymer's, it was raining and raining heavily, and the crowd was dense, to and fro, in both directions; that she had an umbrella; that she was exercising the best attention that she could, but that there were many people in front of her. Did the people in front of her prevent her—if she did exercise good judgment and attention, did the fact that so many people were in front of her, pre-

vent her from seeing that hole?  If they did, she would not be responsible for the result. [4]

5. If you believe that the plaintiff was injured by falling into an opening through which the employees of the Consolidated Ice Company were delivering ice to the defendant, and that the cover or door of said opening was raised or opened, and kept raised or opened by the employees of said ice company until plaintiff was injured, then the act causing her injury, was the act of employees of the Consolidated Ice Company, and not the act of the defendant and its employees, and your verdict must be for the defendant.  *Answer:* My answer to this point has already been given, but it is this: This is affirmed unless you find by the evidence that the same was done by directions of defendant as to delivery. I have told you that. [5]

Verdict and judgment for plaintiff for $978.47.  Defendant appealed.

*Errors assigned* among others were (1, 3–5) above instructions, quoting them.

*J. Roy Dickie,* with him *William W. Wishart,* for appellant.—Defendant was not guilty of negligence: Schaeffer v. Iron City Sand Co., 31 Pa. Superior Ct. 476; Powell v. Wilhelm, 49 Pa. Superior Ct. 268.

Plaintiff was guilty of contributory negligence: Robb v. Connellsville Borough, 137 Pa. 42; Lerner v. Philadelphia, 221 Pa. 294; Clark v. Lancaster, 229 Pa. 161; Shallcross ·v. Philadelphia, 187 Pa. 143; Kennedy v. Pittsburg, 230 Pa. 244.

*H. K. Siebeneck,* of *Seymour, Patterson & Siebeneck,* with him *T. A. Miller,* for appellee.—The case was for the jury: Doll v. Ribettii, 203 Fed. Repr. 593; Chicago v. Robbins, 2 Black. 418; French v. Converse, 11 L. R. A. (N. S.) 993; Homan v. Stanley, 66 Pa. 464; Strohm v. Haverstick, 44 Pa. Superior Ct. 166; Powell v. Wilhelm,

49 Pa. Superior Ct. 268; Scheafer v. Iron City Sand Co., 31 Pa. Superior Ct. 476; Pickard v. Smith, 10 C. B. (N. S.) 470.

Appellee was not guilty of contributory negligence: Powell v. Wilhelm, 49 Pa. Superior Ct. 268; Becker v. Philadelphia, 212 Pa. 379; Strader v. Monroe, 202 Pa. 626.

· OPINION BY HEAD, J., July 15, 1914:

The admirable frankness and candor of the witnesses, including the manager of the defendant, made easy for the jury the performance of their function in ascertaining the facts involved in this appeal. They may thus · be briefly stated: About one o'clock on the afternoon of an October day the plaintiff, an elderly lady, was pass-. ing along the sidewalk in front of the premises of the defendant on one of the most congested blocks of perhaps the busiest street in the city of. Pittsburg. In common with the hundreds of other pedestrians, she was carrying a hoisted umbrella to protect herself from the rain then falling heavily. The defendant, in the conduct of. its business, was a large consumer of ice which it had delivered daily by an ice company. The latter had been directed to deliver this ice through an opening in the sidewalk almost immediately in front of the entrance to the store. This opening, maintained · by the defendant for that purpose, was approximately two by two and one-half feet. When not in actual use it was protected by an iron door flush with the surface of the pavement. The hinges by which the door was raised when the opening was to be used were along the eastern edge of the opening and the door, when raised, was held in place by an iron stanchion or rod extending from the top of the door, as it stood open, to the western end of the opening. The entrance to the store was protected from sun and weather by an overhanging canopy projecting from the building and extending to or near to the curb. The defendant had further given direc-

tions to the ice company, or its servants, that when the door was opened, pedestrians were to be carefully protected from injury. The ice man had passed into the cellar the several blocks of ice he was to deliver, and at the moment of the plaintiff's injury was kneeling on the sidewalk with his body bending over the opening to get from the defendant's employee in the cellar a receipt for the ice just delivered. Under these conditions, the plaintiff, while passing up the street walking close to the building, failed to perceive the opening in the sidewalk and stepped or slipped with one foot over the edge of it. As she fell the stooping form of the ice man prevented her dropping bodily into the opening. She brought this action to recover damages from the defendant for the injury caused by her fall, and the trial resulted in a verdict in her favor upon which judgment was afterwards entered.

The learned trial judge could not have declared, as matter of law, that under these circumstances the plaintiff was guilty of contributory negligence. It is true if her eyes had been fixed exclusively on the sidewalk at her feet at the instant before she stepped into the opening, she certainly could have seen it. Many cases have held, however, that the law imposed no absolute duty on the plaintiff using a city sidewalk requiring her to concentrate her vision upon the spot on which she was next to step. The plaintiff was also to use her senses to see that she did not jostle some other pedestrian into danger, and it was clearly her right, as well as her duty, to protect her face and eyes from injury from the bobbing umbrellas of others, and generally to be mindful of all of her surroundings. We content ourselves by quoting the following excerpt from the opinion of President Judge RICE in Powell v. Wilhelm, 49 Pa. Super. Ct. 271: "The reasonable care which the law exacts of all persons in whatever they do involving the risk of injury requires travelers on the footways of public streets to look where they are going; but this

does not necessarily imply that the pedestrian must keep his eyes constantly and at every moment upon the pavement." The numerous cases there cited in support of the doctrine just stated leave no room for doubt as to its soundness. The learned trial judge therefore fell into no error in submitting to the jury the question whether the plaintiff had contributed to her own injury by any lack of reasonable care on her part.

Did the evidence disclose a legal foundation for a finding by the jury that defendant had been negligent in permitting this opening on the crowded sidewalk to be used in the conduct of its own business without providing for the protection of pedestrians lawfully using the footway. In Scheafer v. Iron City Sand Co., 31 Pa. Super. Ct. 476, we endeavored to point out the nature and extent of the liability of the owner or occupier of property who maintained such an opening in the sidewalk. Certainly there is no declaration of any legal principle in that case which would tend to support the contention the defendant here could escape responsibility. We have no doubt of the correctness of the conclusion there reached under the peculiar circumstances of that case. In Powell v. Wilhelm, supra, under a state of facts much more nearly resembling those in the case at bar, it was held that a brewing company, whose driver was delivering beer to the occupier of certain premises and for that purpose had removed the protecting cover of an opening in the sidewalk leading to the cellar and left it for a considerable time unguarded, was liable to a pedestrian who was injured by falling into the opening. But that case is no authority for the proposition that the occupier of the premises would have been relieved from responsibility had the action been against him. So, even if it can be successfully argued that the evidence in this record would have supported an action against the ice company for the negligence of its servants, it by no means follows the defendant is relieved of liability. In Doll v. Ribetti, 203 Fed. Repr. 593,

Mr. Justice GRAY, of the Circuit Court of Appeals, said: "The defendant was a lessee and occupier of the building in question. As such he was in control thereof, and the law imposes upon such occupier a very positive duty to those using the highway upon which the building abuts to use the care requisite according to the circumstances to guard them against injury resulting from the condition of the premises or from what is being done in or to the same by the direction or permission or for the convenience and benefit of the occupier. . . . The duty imposed by law on the occupier is an absolute duty which he cannot shift." It is of course a general principle that one is not to be held liable for the negligence of another over whose acts he has no control. In reviewing the decision in Doll v. Ribetti, supra, this court said in McKeand v. Skirboll, 55 Pa. Superior Ct. 28: "The principle upon which that case was determined may be thus summed up in a single quotation from the able opinion of Judge GRAY: 'Where the thing committed to an independent contractor to do for the occupier on or about his premises is of itself inherently dangerous, such contractor is the mere instrument or agent of the occupier so far as concerns his responsibility to those lawfully coming within such danger.''

In the present case we have no testimony that would enable the defendant to assert the ice company was an independent contractor, for the negligence of whose servants it alone must be responsible. On the contrary, the evidence establishes that the delivery of the ice through this opening was directed by the defendant; was exclusively for its use and benefit; and that the only attempt it had made to discharge the responsibility imposed on it by the law, in maintaining a dangerous opening on the sidewalk, was a direction to the employees of the ice company that they must be careful while using the opening to guard the interests of pedestrians. This, under no one of the many cases brought to our attention, would be sufficient to relieve the owner

or occupier of the property. In French v. Converse, and The Boston Coal Co., reported in 11 L. R. A. (N. S.) 993, a plaintiff, injured under conditions practically like those here presented, sued both the occupier of the premises and the coal company delivering coal into a sidewalk opening. The Supreme Court of Massachusetts said: "It was the duty of the defendant occupier and his servants and agents to see that the coal hole, when used for the purpose of putting in coal, was properly guarded and protected so that the persons passing along the sidewalk and in the exercise of due care would not be liable to fall into it. They were not relieved from this duty by the fact that the coal company was also using it for the purpose of putting in the coal which had been ordered by them." In the editor's note attached to the report of the case just cited many authorities in different jurisdictions are collected. The learned editor says that while the cases are not entirely harmonious, the rule laid down in French v. Boston Coal Company, supra, "is clearly supported by the weight of authority." In Strohm v. Haverstick, 44 Pa. Super. Ct. 166, this court said: "It seems clear enough that when the defendant opened the coal hole for the receipt of his coal and turned over, for the time being, to the driver of the coal wagon his own obligation to reasonably guard the dangerous opening in the sidewalk, he did not cease to be responsible for any negligent act or omission of that driver." We must conclude, therefore, that the learned trial judge could not have withdrawn this branch of the case from the consideration of the jury. The first, second and tenth assignments of error are overruled.

It is true that in the answer to the defendant's third point (third assignment) the learned trial judge inadvertently said the plaintiff had a right to presume that the sidewalk was perfect, and had this instruction remained without qualification, the defendant might have had good cause to complain; but at the conclusion of

the charge and answers to points, and in the presence of the jury, counsel for plaintiff called the attention of the judge to this oversight and suggested a modification of the language used, whereupon the learned trial judge further instructed the jury thus: "When I said that the plaintiff had a right to presume that the highway which she was traversing was safe, I meant that she had a right to presume that it was in a reasonably safe condition." In the light of this correct statement of the law, we cannot sustain the third assignment. The fourth assignment must also be dismissed. It is true the point as presented was a correct statement of the law and the plaintiff was entitled to its affirmance. It was affirmed without qualification by the trial judge. That he afterwards called the attention of the jury to the evidence pertinent to the facts stated in the point does not entitle the defendant to ask for a reversal of the judgment. The same may be said of the answer to the fifth point, the subject of the fifth assignment of error. The seventh assignment, complaining of the admission of certain testimony on the question of the permanent injury of the plaintiff need not be considered because, at the conclusion of the charge the counsel for plaintiff, in the hearing and presence of the jury and with the permission of the court, formally withdrew any claim for damages on account of the alleged permanent injury. Viewing the record as a whole then, we are satisfied the case was well tried and the judgment entered upon the verdict ought not to be disturbed.

Judgment affirmed.