# Reymer *v.* Consolidated Ice Company, Appellant.

*Negligence—Defective sidewalk—Liability of owner—Liability of active wrongdoer—Indemnitor.*

The liability of the owner of real property for injury to a passerby for negligence in covering or failing to cover or guard a hole in a sidewalk does not relieve the active or actual wrongdoers from the consequences of their acts.   The liability to the passerby is joint. As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally therefor.

Argued April 30, 1917.   Appeal, No. 93, April T., 1917, by defendant, from order of C. P. Allegheny Co., April T., 1916, No. 743, refusing an appeal from the Allegheny County Court in case of Reymer Bros., Inc., v. Consolidated Ice Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit in the county court to recover the amount of a judgment which the plaintiff had been compelled to pay to Margaret J. Spratt.   See Spratt v. Reymer Bros., 57 Pa. Superior Ct. 566.

From the record it appeared that on October 10, 1911,

Margaret J. Spratt fell into an opening in the sidewalk belonging to the premises owned by Reymer & Bros., Inc., which had been left open by the employees of the Consolidated Ice Company. Other facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,247.13 in the County Court.

*Error assigned* was in refusing appeal from judgment of the County Court.

*William S. Moorhead,* with him *Francis R. Harbison,* for appellant.—The negligence of Reymer Brothers for which damages were recovered against it was active and the proximate cause of the injury, and not such constructive or imputed negligence as would come within the exceptions to the rule refusing to a tort-feasor the right to recover indemnity from another whose negligence contributed to the injury: Boot Mills v. Boston & Maine R. R. Co., 218 Mass. 582; Churchill v. Holt, 131 Mass. 67.

It is the primary duty of property owners along the street to keep in proper repair the sidewalk in front of their respective properties: McLaughlin v. Kelly, 230 Pa. 251; Snader v. Murphy, 19 Pa. Superior Ct. 35; Linderman v. Hershberger, 47 Pa. Superior Ct. 308; Stahle v. Poth, 220 Pa. 335.

*J. Roy Dickie,* of *Wishart & Dickie,* with him *Wm. W. Wishart,* for appellee.—Defendant is liable to the plaintiff as indemnitor for the amount of the verdict and interest paid, and all expenses incurred by plaintiff in the defense of the action of Mrs. Spratt against it: Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366; Reading City v. Reiner, 167 Pa. 41; Scott v. Curtis, 195 N. Y. 424; Powell v. Wilhelm, 49 Pa. Superior Ct. 268; Borough of Brookville v. Arthurs, 130 Pa. 501; City of Chester v. First National Bank, 9 Pa. Superior

Ct. 517; Philadelphia Co. v. Central Traction Co., 165 Pa. 456.

OPINION BY HENDERSON, J., July 13, 1917:

The plaintiff in this action was the defendant in Spratt v. Reymer Brothers, Inc., 57 Pa. Superior Ct. 566, in which action a judgment was obtained against the defendant for negligence in failing to keep securely covered or guarded an opening in the sidewalk in front of the defendant's premises by reason of which neglect the plaintiff was injured. The opening was used in putting ice into the cellar; it was covered by an iron door which lay flush with the sidewalk; this door was opened by employees of the appellant for the purpose of delivering ice and it was while they were so engaged that Martha Spratt fell into the hole. None of the employees of Reymer Brothers was present at the time the accident occurred nor was the cover of the opening raised by their direction. It was the practice of the appellant's agents to deliver ice through the opening but the appellee did not exercise control over the manner in which they performed this work. Employees of the appellant were instructed by the appellee's agent to exercise care with respect to risk to pedestrians while delivering ice. The present action was brought to recover from the defendant the amount which the plaintiff had been compelled to pay in the former action, the allegation being that Reymer Brothers was only made liable because of its occupancy of the premises and that the real wrongdoer was the defendant company. The case was submitted to the jury on the inquiry whether the negligence of the defendant was the proximate cause of the injury to Martha Spratt and whether Reymer Brothers contributed to the injury. The contention of each of the parties was that the other was the wrongdoer and sole cause of the injury and this issue was decided by the jury in favor of the plaintiff. The question for determination was, which of the parties to this action was primarily re-

sponsible for the injury to Mrs. Spratt.   It may be conceded that the judgment in the Spratt case fixed the liability of Reymer Brothers as between Mrs. Spratt and that company.   They owned the real estate in front of which the opening in the sidewalk was made and it became their duty to maintain it in a secure manner for the protection of pedestrians.   But it does not necessarily follow that there was no other responsibility in the case and on the facts submitted in the testimony a jury could not be criticized for finding that the defendant's employees were guilty of negligence in the manner in which they were using the opening at the time the accident occurred.   Generally speaking, it is true that one of two joint tort-feasors can not maintain an action against the other for contribution or indemnity but this does not apply in a case where the unlawful act is done by one person and the other does not join therein but is thereby exposed to liability.   In cases of that character the parties are not equally culpable as to each other though each may be liable to third parties.   The principle is clearly stated in Fowler v. Jersey Shore Boro., 17 Pa. Superior Ct. 366.   The same principle is considered in Philadelphia Co. v. Central Traction Co., 165 Pa. 456, and is the doctrine on which the Borough of Brookville v. Arthurs, 130 Pa. 501, was decided. It is thus stated in Scott v. Curtis, 195 N. Y. 424: "The liability of the owner of real property for injury to a passerby for negligence in covering or in failing to cover or guard such a hole in a sidewalk does not relieve the active or actual wrongdoers from the consequences of their acts.   The liability to the passerby is joint.   As between themselves the active wrongdoer stands in the relation of an indemnitor to the person who has been held legally therefor."   The same doctrine was applied in Churchill v. Holt, 127 Mass. 165.   Scheafer v. Iron City Sand Co., 31 Pa. Superior Ct. 476, is relied on by the appellant but in that case the coal hole was opened by the contractor who stood in the place of the owner.   The nuisance was,

therefore, created by the owner of the building or the contractor who was acting for him. But in the case before us the injury resulted as the jury has found from the negligent manner in which the employees of the defendant acted while delivering the ice. This important distinction was pointed out in Powell v. Wilhelm, 49 Pa. Superior Ct. 268. An examination of the record fails to disclose sufficient reason for reversing the action of the Court of Common Pleas in refusing to allow an appeal.

The judgment is affirmed.