## Martin *v.* Letter, 'Appellant.

*Negligence—Coal hole in pavement—Negligent adjustment of lid—Injury to pedestrian—Evidence.*

1. One who creates a dangerous condition in a public sidewalk is liable for the natural result thereof, regardless of the liability of the abutting property owner.

2. Where an employee of a coal dealer negligently replaces the lid of a coal hole in a sidewalk, and immediately thereafter a pedestrian steps on the lid which tilts under her weight, the dealer is liable for the injuries sustained.

3. Where it appeared that the lid was firm when in place, both before and after the accident, the fact that it tilted on the occasion of the accident is a circumstance corroborating the evidence that it had not been properly replaced.

*Negligence—Damages—Amount — Excessive — Act of May 20, 1891, P. L. 101—New trial.*

4. Where on an appeal in an accident case it is claimed that the verdict was excessive, the question is not whether as jurors, the appellate court would have found a smaller verdict, or as a trial court would have compelled its reduction, but whether it is so grossly excessive as to warrant interference by the higher court under the exceptional powers given to it by the Act of May 20, 1891, P. L. 101.

5. Under testimony showing many serious and permanent injuries, much suffering, and impairment of earning power, a verdict of $15,000 for a woman fifty-five years of age, was sustained.

Argued January 7, 1925. Appeal, No. 222, Jan. T., 1925, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1923, No. 2845, on verdict for plaintiff, in case of Emma Martin v. Ambrose Letter, individually and trading as Owen Letter's Sons. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $15,000. Defendant appealed.

*Errors assigned* were, inter alia, (1) refusal of judgment for defendant n. o. v., and (2) refusal of new trial on account of excessive verdict.

*Samuel S. Herman,* for appellant.—There is no sufficient evidence of negligence.

Defendant was not the party liable: Scheafer v. Sand Co., 31 Pa. Superior Ct. 476.

The verdict was excessive and a new trial should be granted: Baxter v. R. R., 264 Pa. 467; Goodhart v. R. R., 177 Pa. 1.

*John J. McDevitt, Jr.,* with him *Nochem S. Winnet,* for appellee.—The question of defendant's negligence was for the jury and its finding against him is warranted by the evidence: Janock v. R. R., 252 Pa. 199.

Defendant was the party liable: Farbo v. Caskey, 272 Pa. 577; Gillespie v. Penna. Co., 272 Pa. 393; Fleccia v. Atkins, 270 Pa. 573; Reymer v. Ice Co., 67 Pa. Superior Ct. 468; Powell v. Wilhelm, 49 Pa. Superior Ct. 268.

The verdict awarded plaintiff was not excessive: White v. Ry., 215 Pa. 462; Brown v. Cab Co., 274 Pa. 289; Gail v. Phila., 273 Pa. 275.

OPINION BY MR. JUSTICE WALLING, January 26, 1925:

On February 5, 1923, a servant of defendant delivered a load of coal at 26 South Seventh Street, Philadelphia, by shooting it down a coal hole in the sidewalk. Immediately thereafter, plaintiff, while passing along this walk, stepped on the lid over the coal hole, which tilted causing her to fall and sustain serious injury. This suit by her based on the averment that the accident resulted from the negligent manner in which defendant's servant replaced the lid in question, resulted in a verdict and judgment in her favor and defendant has appealed.

The lid was round in shape, twelve inches in diameter, and when in place was flush with the walk, rested on a ledge or shoulder three-eighths of an inch wide and could not be moved by stepping upon it, although not fastened underneath. It had been in the same position for some years and has since so remained. The evidence warranted a finding that the movement of the lid resulted from its improper replacement, caused by leaving particles of fine coal and coal dust in the flange, thereby

keeping the lid from its normal position. The accident happened in less than one minute after defendant's servant had left the place, and the evidence of his failure to safely replace the lid, which he had removed, justified the jury's finding that defendant was negligent. See Powell v. Wilhelm, 49 Pa. Superior Ct. 268. It appearing that the lid was firm when in place, both before and after the accident, the fact that it tilted on this occasion is a circumstance corroborating the evidence that it had not been properly replaced. See Strohm v. Haverstick, 44 Pa. Superior Ct. 166, where the facts are very similar to those in the case in hand. While negligence will not be inferred in such case from the mere happening of the accident, it may be shown by circumstances: Dougherty v. Phila. Rapid Transit Co., 257 Pa. 118; Sgier v. Phila. & R. Ry. Co., 260 Pa. 343; Janock v. Baltimore & O. R. R. Co., 252 Pa. 199.

One who creates a dangerous condition in a public sidewalk is liable for the natural result thereof, regardless of the liability of the abutting property owner: Reymer v. Consolidated Ice Co., 67 Pa. Superior Ct. 468; Scott v. Curtis, 195 N. Y. 424; Churchill v. Holt, 127 Mass. 165. As to the liability of such owner in the instant case we express no opinion.

There is nothing in the record to support a finding that plaintiff was chargeable with contributory negligence, although the trial judge submitted that question to the jury. Under all the evidence the request for binding instructions was properly refused.

Plaintiff, who was fifty-five years of age, sustained a comminuted intra-capsular fracture of the left hip joint, which confined her in bed for eleven weeks with a weight attached to her leg to hold it in place. Then for two months she was confined in an invalid's chair, after which she walked for a time by the aid of crutches, then by the aid of one crutch and ultimately will by the aid of a cane, although permanently lame, as the left leg is shortened one and three-fourths inches. Prior to

the accident plaintiff was in good health, except occasionally disturbed by a functional heart trouble, and did the house work for a family of five, including her two grown children and two boarders. Following the accident she ceased keeping boarders and her daughter left her usual employment, where she earned $107 a month, and for five months cared for the mother. Since which time a servant has been employed and must be in the future, at an expense including her board, of about $16 a week, to look after plaintiff and do the work which, but for the accident, the latter could have done. The bill of plaintiff's family doctor, preceding the trial, amounted to $488 and it was shown she would require medical attention thereafter.

Plaintiff, who had a life expectancy of seventeen years, will always suffer inconvenience and more or less pain, but not so great as during the first months. Since the accident, plaintiff, who had never been so afflicted before, has suffered and still suffers with neuritis, centered near the injured hip; this the doctor says may have resulted from injury to the nerves.

The trial court thought the verdict of $15,000 large but, considering the serious nature of the injuries, refused to interfere. Such refusal is assigned as error. The question is not whether as jurors we would have found a smaller verdict, or as a trial court would have compelled its reduction, but whether it is so grossly excessive as to warrant our interference, under the exceptional power given us by the Act of May 20, 1891, P. L. 101. In reference to this act, Mr. Justice FRAZER, speaking for the court, in Scott, Admx., v. American Express Co., 257 Pa. 25, 31, says: "We have repeatedly said that the question of the amount of the verdict would be reviewed only in cases where so grossly excessive as to shock our sense of justice, and where the impropriety of allowing a verdict to stand is so manifest as to show a clear abuse of discretion on the part of the court below in refusing to set it aside." To like effect is Gail v.

Phila., 273 Pa. 275, and many other cases. Under the rule as above stated, this is not such a case as to warrant our interference and, in view of our very recent decision in Potts v. Guthrie, 282 Pa. 200, further discussion seems unnecessary.

We have referred above to the only questions raised in the record and find no reversible error.

The judgment is affirmed.