## Morse et ux. *v.* Chessman, Appellant.

*Negligence—Sidewalks—Obstructions—Licensor—Licensee.*

A tenant of a building abutting on a public highway is responsible for the act of a licensee in negligently obstructing the sidewalk.

The law imposes upon such occupier a very positive duty, to those using the highway upon which the building abuts, to use the care requisite, according to the circumstances, to guard them against injury resulting from the condition of the premises, or from what is being done in or about the same by the direction or permission or for the convenience and benefit of the occupier. The duty imposed by law on the occupier is an absolute duty which he cannot shift.

In an action of trespass against a tenant of a building, for injuries sustained through the negligence of a licensee, in permitting a cellar door to remain open, the tenant is liable in damages, if the jury finds as a fact that he was negligent.

*Trials—Case stated—Failure to state all facts.*

A judgment on a case stated, which admits the negligence of a licensee, but does not agree on the negligence of the tenant who is the defendant in the action, must be reversed, and a new trial awarded, where the case stated is defective, in failing to find all the facts. A case stated must set forth all of the facts, and nothing must be left to inference. Only questions of law are submitted to the Court.

Argued May 5, 1925.   Appeal No. 224 April T., 1925, by defendant, from judgment of C. P. Allegheny County, April T., 1922, No. 2115, in the case of E. F. Morse and Lucille Morse, his wife, v. Samuel C. Chessman.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Lucille Morse, in the sum of $1499.00, and plaintiff E. F. Morse in the sum of $1.00, and judgment thereon.

*Error assigned* was the decree of the court.

*William A. Wilson,* of *Calvert, Thompson and Wilson,* for appellant.—The defendant was not responsible for the negligent acts of a licensee, which were not performed for his benefit: Rushton v. Allegheny City, et al., 192 Pa. 574; State v. General Stevedoring Company, 213 Federal 51, 71; Killion v. Power, 51 Pa. 429; Mirnek v. West Penn Power Company, 279 Pa. 188; Smith v. Hartman, 79 Pa. Sup. Ct. 126, 130.

*W. H. Stoner,* of *J. M. Stoner & Sons,* for appellee, cited: Strohm v. Haverstick, 44 Superior Court 166; Spratt v. Reymer Bros., Inc., 57 Super Court 566; Scheaffer v. Iron City Sand Co., 31 Superior Court 476; Eisenbrey vs. Pa. Co. for Ins. on Lives, Etc., Trustee, 141 Pa. 566; Jacob Doll & Sons, Inc., v. Ribetti, 203 Federal Reporter 593; Homan v. Stanley, 66 Pa. 464.

OPINION BY GAWTHROP, J., July 9, 1925:

Appellant, defendant in the court below, was the lessee in possession of a certain storeroom and cellar located in Federal Street in the City of Pittsburgh. He used the storeroom as a salesroom and the cellar for storage purposes connected with his business. He permitted a plumber by the name of Shraeder to keep, without charge, a kit of tools in the cellar and to use the cellar doors for the purpose of going in and out. The cellar doors covered an opening in the sidewalk in front of the store. They came together in the middle and were fastened to the stone of the pavement on either side of the opening with hinged fastenings. On July 3, 1921, the plumber went into the cellar for his tools, and from within raised the iron doors in such a negligent manner that Mrs. Morse, one of the plaintiffs, who was walking along Federal Street in front of the building, tripped over them and was injured. There was nothing to warn her or to attract her attention to any possible danger. Mrs. Morse and her hus-

band brought this action to recover the damages resulting from the injury. The case was tried in the county court of Allegheny County before a judge without a jury, who found for plaintiffs. On appeal to the court of common pleas, counsel for the respective parties agreed to a case stated for the opinion of the court in the nature of a special verdict, and a judgment was entered in favor of the wife for $1,499 and for the husband for $1. This appeal is from the judgment in favor of the wife. We have stated above all of the material facts set forth in the case stated.

Appellant's statement of the questions involved presents the following legal propositions: 1. Is a tenant of a building abutting on a public highway liable in damages for the negligence of a licensee, to whom he has permitted the use of a cellar door opening into the pavement of the building? 2. Can there be a recovery against the defendant, without proof of negligence on his part?

The nature and extent of the liability of the owner or occupier of property who maintains an opening in the sidewalk of the public highway on which the property abuts has been considered by this court in several cases. In Spratt v. Reymer & Bros., Inc., 57 Pa. Superior Ct. 566, plaintiff fell into an opening in the sidewalk immediately in front of defendant's store when an ice company was delivering ice through the opening to defendant, who had authorized the use of the opening by the ice company for the purpose, with directions to the employees of the ice company that they must be careful while using the opening to guard the interest of pedestrians. The principal question before this court in that case was whether the evidence disclosed a legal foundation for a finding by the jury that defendant had been negligent in permitting the opening in the sidewalk to be used in the conduct of its own business without providing for the protection of pedestrians lawfully using the footway. It was

held that it did, and that it would have been error for
the trial judge to have withdrawn the question of de-
fendant's negligence from the jury. As stated in
Scheafer v. Iron City Sand Co., 31 Pa. Superior Ct.
476, the law imposes upon the owner or occupier of
property who maintains an opening in the sidewalk,
the duty of reasonably safeguarding it so as to fairly
protect the public in its ordinary use of the street. In
Doll v. Ribetti, 203 Fed. Repr. 593, the defendant was
the lessee and occupier of a building on Penn Avenue
in the City of Pittsburgh. He entered into a contract
with one Hern, for cleaning the windows of a building
at stated intervals. The plaintiff was walking upon
the sidewalk in front of the building when one of
Hern's employees, who was engaged in cleaning a
window on the fourth floor of the building, fell upon
the plaintiff and injured him. The negligence charged
against the defendant was the failure to use reasonable
care to protect pedestrians against accidents such as
that which happened. It was held, following both Eng-
lish and American authorities, that the exigence of
the defendant's duty was not affected by the fact that
the condition from which damage resulted was due to
the negligence of an independent contractor; "that
where the thing committed to an independent contrac-
tor to do for the occupier, on or about his premises, is
of itself inherently dangerous, such contractor is the
mere instrument or agent of the occupier so far as con-
cerns the responsibility to those lawfully coming with-
in such danger; and that the responsibility of the de-
fendant, as occupier, is the same as if the window
cleaner who fell from the window sill had been the ordi-
nary servant of the defendant." In Spratt v. Reymer
& Bros., Inc., supra, this court cited with approval the
following statement from the opinion of Judge GRAY
of the circuit court of appeals, in Doll v. Ribetti: "The
defendant was a lessee and occupier of the building in
question. As such he was in control thereof, and the

law imposes upon such occupier a very positive duty to those using the highway upon which the building abuts to use the care requisite according to the circumstances to guard them against injury resulting from the condition of the premises or from what is being done in or about the same by the direction or permission or for the convenience and benefit of the occupier ......The duty imposed by law on the occupier is an absolute duty which he cannot shift." In Strohm v. Haverstick, 44 Pa. Superior Ct. 166, we said: "It seems clear enough that when the defendant opened the coal hole for the receipt of his coal, and turned over for the time being to the driver of the coal wagon his own obligation to reasonably guard the dangerous opening in the sidewalk, he did not cease to be responsible for any negligent act or omission of that driver." The able counsel for appellant points out that in all the cases above cited the act which caused the injury was being done for the use and benefit of the defendant. We are clear that that fact is neither controlling nor important.

The legal rule applicable to this case is that where one in possession or control of premises abutting on a sidewalk along a city street does something or permits another to do something on the sidewalk which requires disturbance of the surface thereof or the placing of an obstruction thereon, the condition resulting therefrom is one for which he is responsible, and it becomes his duty to exercise reasonable care in guarding the public against dangers which are naturally incident thereto. The fact that the negligent act of defendant's licensee was the direct cause of the accident is no defense. But the question remains whether defendant used reasonable care in guarding pedestrians against the dangers which were likely to result from the opening and closing of the cellar doors. The use of the doors was necessarily attended with some danger to those using the sidewalk. Was de-

fendant negligent in failing to safeguard the sidewalk? That is a question of fact which must be answered before defendant's liability can be determined. As stated above, the parties submitted to the court of common pleas an agreement which they called a case stated. But the essential fact in the case, the negligence of the defendant, was not agreed upon, nor does the case stated contain any facts from which the negligence of defendant may be inferred as a matter of law, the presumption being that he did his duty. The agreement that Shraeder was negligent does not supply the defect. A case stated must set forth all the facts and nothing must be left to inference. Only questions of law are submitted to the court: Kinsley v. Coyle, 58 Pa. 461; Union Savings Bank v. Fife, 101 Pa. 388. Where a special verdict or case stated in the nature thereof is defective, in failing to find the facts, a new trial will be awarded: Union Savings Bank v. Fife, supra. Whatever is not set forth will be taken not to exist: Williamsport v. Lycoming County, 34 Pa. Superior Co. 221. It follows that we must reverse the judgment.

Judgment reversed.