## Milton H. Whinney v. Reading Company, Appellant.

Argued October 17, 1928. Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

136

*Henry R. Heebner,* and with him *Wm. Clark Mason,* for appellant, cited: Kapuscianski v. P. & R. C. & I. Co., 289 Pa. 388; Kelly v. P. B. & W. Railroad Company, 270 Pa. 149; Robertson, Appellant, v. Breyer Ice Cream Company, 292 Pa. 462; Daniels v. Hilman Coal & Coke Company, 279 Pa. 47.

*Bryan A. Hermes,* for appellee, cited: Campbell v. Wells Bros. Co., 256 Pa. 446; McGeehan v. Hughes, 223 Pa. 525; Stemmler v. Pittsburgh, 287 Pa. 365; Murray v. Frick, 277 Pa. 190.

OPINION BY GAWTHROP, J., November 22, 1928:

The defendant appeals from judgment entered on a verdict obtained by plaintiff in an action for personal injuries. The first assignment of error complains of the refusal of the court below to enter judgment non obstante veredicto. It is contended that plaintiff was guilty of contributory negligence as matter of law. The evidence, viewed in the light most favorable to the plaintiff, warrants the following statement of the facts: Plaintiff, a teamster for Gimbel Brothers, went to defendant's freight station to haul some cardboard cartons containing straw hats. Defendant's servants had unloaded the cartons from one of its cars and piled them on a portion of the platform known as section No. 9, where goods to Gimbel Brothers were regularly placed. The cartons were arranged in tiers about eight feet high. Among the other merchandise

consigned to Gimbel Brothers and placed in this section were about twelve or fourteen rugs which were rolled in burlap and weighed about ninety pounds apiece. The rugs were placed on end with the tops leaning against the tier of boxes containing the hats. They were invisible to the plaintiff from the front of the platform where his vehicle stood. There was such a congestion of freight in section No. 9 that plaintiff could not walk around the cartons from that point. No warning of the manner in which the freight had been piled was given to the plaintiff. When he had removed some of the cartons, the rugs which leaned against the tiers of boxes which remained fell upon him and injured him severely. He testified that he had been engaged in the hauling business for fifteen years and had gone to defendant's station for eight years, and that the usual custom of storing rolls of rugs on the platform was either flat on the floor or standing them on end against a firm wall. This testimony was corroborated by a witness for the defendant.

It is not contended that defendant's negligence was not established. But it is urged that plaintiff was guilty of contributory negligence as matter of law, and that defendant's negligence was not the proximate cause of the injury. Neither proposition can be sustained. While it was the duty of plaintiff to use his faculties in performing the work of removing the cartons from the platform, to exercise ordinary care in the circumstances, and he must be held to have assumed the ordinary risks incident to the work he was doing, it cannot be said as matter of law that the injury which he sustained resulted either from his own negligence or the ordinary dangers of his work. The jury was warranted in finding that the condition which resulted in his injury amounted to a trap which was likely to injure a person who was exercising ordi-

nary prudence in removing the cartons of hats, and that plaintiff's conduct was free from negligence.

Nor do we find any more merit in the contention that the proximate cause of the action was the independent act of the plaintiff in removing the cartons. If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some others, and result, and does actually result, in injury, through the intervention of other causes, not wrongful, the injuries shall be referred to the wrongful cause, passing over those which were innocent: Howarth v. Adams Express Co., 269 Pa. 280, 282. "One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof, although the innocent act of a third party may have contributed to the final result": Murray v. Frick, 277 Pa. 190, 194. The evidence supports the conclusion that defendant's negligence was the proximate cause of the accident, that the latter was the natural consequence of the former, and that the act of plaintiff in removing the boxes was not only innocent but an act which the defendant had invited him to perform.

The only remaining complaint is that the verdict was so excessive that it was error to refuse to grant a new trial on that ground. A careful review of the evidence does not convince us that the amount awarded by the jury was so excessive as to shock the judicial conscience. It follows that there was no abuse of discretion on the part of the court below in refusing to set it aside. See Martin v. Letter, 282 Pa. 286.

The judgment is affirmed.