# Otto Township *versus* Wolf.

1. A township is not an insurer against all defects or obstructions, latent as well as patent, in the public highways.

2. Where the owner of adjacent property ran a small gaspipe under a highway in such a manner that the same was exposed at the bottom of the gutters, and, after remaining there about six weeks, said pipe was broken at the point where it traversed the gutter by the deviation of a passing team, and within an hour afterwards a person passing with a light was injured by an explosion of gas escaping from the fractured pipe, the township is not liable for the injury, there being no evidence that the township authorities had any knowledge of the existence of the pipe up to the time of the accident.

May 15, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *McKean County :* Of July Term, 1883, No. 174.

This was an action on the case by A. W. Wolf against Otto Township to recover damages for personal injuries suffered by the plaintiff, caused, as alleged, by the defendant's negligence. Plea, not guilty.

The facts of the case, as they appeared on the trial, before WILLIAMS, P. J., are fully stated in the opinion of this court. The court below directed the jury to find for the plaintiff.

Verdict, accordingly, for the plaintiff for $1000, and judgment thereon. The defendant took this writ of error, assigning for error, inter alia, the instruction of the court to find for the plaintiff.

*W. E. Burdick* and *T. A. Morrison* (*W. I. Lewis* with them) for the plaintiff in error.

[TRUNKEY, J. Was there anything in the appearance of the pipe to indicate that it conveyed gas, rather than oil or water ?]

No: it was a two-inch pipe, such as is generally used in the oil regions for either oil, water or gas. But there was nothing to put any one on inquiry, even as to the existence or location of the pipe, prior to the accidental breaking of the pipe only an hour before the accident. The plaintiff himself had never noticed the pipe, though he lived near by and frequently passed along the road. No actual notice to the township authorities was shown, and the danger being latent, there can be no question of constructive notice. The court below should therefore have affirmed our points, to the effect that there was no evidence of negligence by defendant, and should have directed a verdict for the defendant: Rapho, etc., Town-

ship *v.* Moore, 18 P. F. S., 404; Borough of Easton *v.* Neff, 6 Out., 474; Vanderslice *v.* Philadelphia, 7 Id., 102; Mc-Cully *v.* Clarke, 4 Wright, 399; Railroad Co. *v.* McElwee, 17 P. F. S., 311; Canal Co. *v.* Bently, 16 Id., 30; Johnson *v.* Railroad Co., 20 Id., 357; McLaughlin *v.* City of Corry, 27 Id., 109; Fritsch and Wife *v.* City of Allegheny, 10 Norris, 226; City of Allegheny *v.* Zimmerman, 14 Id., 287; Payne *v.* Reese, 4 Out., 301; Baker *v.* Fehr, *et al.*, 1 Id., 70; Born *v.* Plank Road Co., 5 Out., 334; Borough of West Chester *v.* Apple, 11 Casey, 284.

*E. L. Keenan* and *M. F. Elliott*, (*Wolf & George* with them) for the defendant in error.—The mode of conducting oil and gas between neighboring works in the oil regions by pipes, such as this, is notorious, and we contend it was the duty of the township supervisors to have seen to it that no pipes conveying these dangerous products were laid across the public highway, or if laid, to be so protected as to avoid danger to the travelling public. Where, as here, there were oil wells and works on both sides of the road, belonging to the same operator, the natural inference was that there would be pipe connections, and if the supervisors had looked for them in the road they would have found this pipe, which was uncovered at the sides of the road, and only buried about a foot in the travelled portion. This was ample to charge them with constructive notice, during a period of several weeks prior to the accident: Born *v.* Plank Road Co., 5 Out., 334; Norristown *v.* Moyer, 17 P. F. S., 363; McLaughlin *v.* City of Corry, 27 P. F. S., 109; Blake *v.* St. Louis, 40 Mo. 569; Bassett *v.* St. Joseph, 53 Id., 290; Welsh *v.* St. Louis, 73 Id., 71; 2 Dillon, Mun. Corp., 3d ed. § 1024; Bassett *v.* St. Joseph, 14 American Rep., 446.

Mr. Justice PAXSON delivered the opinion of the court, June 9th, 1884.

This was an action on the case against the township of Otto to recover damages for injuries sustained by the plaintiff, and caused, as was alleged, by the negligence of the defendant. From the admitted facts of the case it appears that on the evening of January 5, 1880, the plaintiff was walking along one of the public roads of said township, carrying a lighted lantern, and when in the vicinity of certain oil wells an explosion of gas occurred, by means of which the plaintiff was severely injured. At the place where the accident occurred a pipe, one or two inches in diameter, had been laid across the highway by one Patterson to convey gas from his oil well on one side of the road to a well he was drilling on the other side.

10 OUTERBRIDGE.—39.

This pipe had been in place about six weeks; in the centre, or travelled part of the road, it had been buried about one foot, but where it crossed the gutter, on either side of the road, it was exposed, and rested upon the bottom of the gutter. On the evening in question, about an hour before the accident occurred, a team had passed along at this point, and for some reason had deviated from the travelled portion, the wheels had come in contact with the exposed portion of the pipe in the gutter, causing a break thereof, and the escape of the gas. There was no evidence that the township authorities knew that the pipe had been laid across the road; the plaintiff lived about a quarter of a mile from the place of the accident; had passed along the road frequently and had not noticed the pipe.

Under these circumstances the defendant by his first point asked the court to instruct the jury: "That there is no evidence of negligence on the part of the defendant;" and by the third point: "That there is no evidence of actual or constructive notice to the supervisors of the defendant of the dangerous condition of the road at the point where the accident occurred."

The learned judge not only refused the instructions prayed for, but gave the jury a binding direction to find for the plaintiff. This was withdrawing the entire case from the jury, and could only be sustained by assuming that the township was an insurer against all defects or obstructions, latent as well as patent, in the public highways, and even where the defect or obstruction is the work of a wrong-doer or trespasser. This would be a severe rule to apply, and is not justified by the authorities. In Rapho & West Hempfield Townships *v.* Moore, 18 P. F. S. 404, it was held that "A municipality is not an insurer against all defects, latent as well as patent, in its structures on highways, but is liable for negligence. Where the defect in a lawful structure is latent, or is the work of a wrong-doer, either express notice of it must be brought home to the corporation, or the defect must be so notorious as to be evidence to all passers, when the corporation is charged with constructive notice."

This principle is applicable to the case in hand. Mr. Patterson may not have been a wrong-doer in taking his pipe across the road, if done in a careful manner, but it was not the act of the township, and was done without its knowledge. Hence the township is not liable, until knowledge of the act complained of is brought to the attention of the supervisors, unless the defect be so open and notorious as to be evident to all passers by. Even in the latter case, a reasonable time, depending upon the character and location of the obstruction, must elapse before the township can be held to constructive notice.

And this is a question for the jury: Fritsch v. City of Allegheny, 10 Norris, 226. It would not do to apply the same rule to the supervisors of a large and sparsely settled township, where an obstruction had been placed upon a highway seldom travelled, that we would to the municipal authorities of a city or borough, where such an obstruction would be likely to be brought to their knowledge speedily.

The learned judge thought that six or eight weeks was quite enough to "give the public authorities an opportunity to know whether or not a powerful agent is being transported across the highway so insecurely as to endanger life or limb of passers by."

It has been held in some cases that much less time was sufficient to charge the municipal authorities with notice. Thus in Fritsch v. City of Allegheny *supra*, where a dead horse had been suffered to remain for twenty-four hours during the hot weather of August, upon one of the streets of the city, it was left to the jury to say, whether under the circumstances of the case the municipal authorities ought to have discovered and removed it within that time. But the facts of that case bear no analogy to this. Here we have a small iron pipe, not over two inches in diameter, buried out of sight under the travelled portion of the road, and exposed only for the short space necessary to cross the gutter. It was lying upon the bottom of the gutter, and the first rain might, and probably would, cover it with dirt, so as to be scarcely perceptible to the passer by. It was not so patent and notorious "as to be evident to all passers." That this is so is conclusively shown by the fact that the plaintiff, who lived within a quarter of a mile of it, and had passed over the road, did not know the pipe was there. If he did not know it, with what grace can he allege the township authorities ought to have known it, and charge them with constructive notice? If Mr. Patterson had thrown a dead horse in the highway, it would have been a thing which every passer by could not have failed to see, and it is reasonable that it would soon have been brought to the attention of the supervisors; and if not, the care of the public ways, which it is their duty to exercise, would soon have discovered it. But here is a matter of which they had no knowledge; which had not been brought to their attention; which was not calculated to attract their notice; and we are asked to charge them with constructive notice by a plaintiff who had far better means of observation, who lived close by, had passed over the road, and did not see it.

Whatever remedy the plaintiff may have against the person who placed the pipe there, he has no cause of action against the township.

We are of opinion that the defendant's first point should have been affirmed.

Judgment reversed.