# Brader v. Township of Lehman, Appellant.

*Negligence—Township—Defective road—Mountain road.*

A township is not an insurer against all defects in its highways, but is answerable for negligence in the performance of its duties in the construction and care of them. For a defect arising in them without its fault or negligence, it is not liable, unless it has express notice, or the defect is so notorious as to be evident to all observers. The authorities are bound to keep a reasonable supervision over the condition of the roads, but they are not liable for negligence unless they have actual notice or knowledge of the defect complained of, or it was so plain to observation and existed so long a time that officers exercising a reasonable supervision ought to have observed it.

The authorities of the mountain townships of Pennsylvania are not, under the law, required to constantly keep the infrequently used lateral roads in such a condition that no one riding in a vehicle, suitable only for a race track, or a city speedway, can possibly meet with an accident.

The presence of a large flat stone lying "right level, just like going over a floor," and firmly fixed in the bed of a mountain road, is not a fact from which, standing alone, a jury should be permitted to infer negligence upon the part of township authorities; and this is especially so where it appears that the stone had been in the road for years, and that no person had ever thought it a source of danger.

Argued Feb. 25, 1907. Appeal, No. 13, Jan. T., 1906, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1904, No. 16, on verdict for plaintiff in case of Samuel Brader v. Lehman Township. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before HALSEY, J.

The facts relating to the accident are set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $848. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Granville J. Clark,* for appellant.

*Rush Trescott,* for appellee.

OPINION BY PORTER, J., October 7, 1907 :

The accident which resulted in the injury to plaintiff occurred on a little used lateral road, leading from one more traveled road to another, in a mountainous region. . The part of the road where the accident occurred is for some distance located over a very stony piece of ground, or, as the plaintiff described it, a "fearfully stony piece of ground," the ground on each side of the road being about at the same level with the highway.   One of the witnesses of the plaintiff thus described the region through which the road was located : "it is all rocks pounded up; you cannot get no dirt there, it is just a rock quarry, a regular stone-bed; ain't no dirt there at all, all been . . . . off, hammered off with hammers for the last twenty-five years, and is the same old thing.   Of course could haul in, and the first big rain would wash it away, sure. "   The plaintiff was driving along this road in a light two-wheeled road-cart, which was of a gauge narrower than that of ordinary vehicles ; the right wheel of the cart was in the track or indentation which had been made upon that side of the road by the wheels of passing wagons, thus causing the left wheel to run along upon the space between the ordinary wagon tracks; when the vehicle came to a large flat stone firmly imbedded in the road, the wheels, for some cause, spread or sprung outward and the wheel on the left-hand side dropped into a rut, which had been made by the wheels of passing wagons or flowing water, and then sprung in again and caught on the end of the stone.   This retarded the motion of the cart and, as the horse went ahead, the whiffletree broke, the horse went out of the shafts and the plaintiff fell over the dashboard and was injured.   There was evidence that the large flat stone had been firmly imbedded in the road for a long time.   This stone is described by the plaintiff as a large flat stone firmly imbedded or "fast" in the road. " The top of the stone laid right there just like going over a floor, laid right level. "   The presence of a large flat stone, which lies " right level, just like going over a floor, " and firmly fixed in the bed of a mountain road is not a fact from which, standing alone, a jury should be permitted to infer negligence upon the part of township authorities.   The stone had been in the road for years and no person ever seems to have thought it a source of danger.   This plaintiff testified that he had driven

over the stone an hour before and did not then consider it dangerous. The danger in the condition, if any there was, to vehicles of reasonably substantial construction, arose from the fact that the water had washed the earth away from the end of the stone and had at that end undermined the stone slightly, about an inch or an inch and a half. It was found upon examination after the accident, that the wheels of the flimsy vehicle in which the plaintiff was riding had spread sufficiently to permit the left-hand wheel to drop down over the end of the stone and that wheel had then sprung back into this small space under the stone and there caught. There was no evidence whatever as to how long the rut at the end of the stone had been in this condition; so far as the evidence discloses the small amount of earth might have been washed from under the end of the stone the night before this accident. The defendant asked for binding instructions, which the court refused, and subsequently made a motion for judgment non obstante veredicto, which the court below overruled.

A township is not an insurer against all defects in its highways, but is answerable for negligence in the performance of its duties in the construction and care of them. For a defect arising in them without its fault or negligence, it is not liable, unless it has express notice, or the defect is so notorious as to be evident to all observers. The authorities are bound to keep a reasonable supervision over the condition of the roads, but they are not liable for negligence unless they have actual notice or knowledge of the defect complained of, or it was so plain to observation and existed so long a time that officers exercising a reasonable supervision ought to have observed it: Burns v. Bradford City, 137 Pa. 361; Lohr v. Philipsburg, 156 Pa. 246; Garland v. Wilkes-Barre, 212 Pa. 151. The evidence introduced by the plaintiff which went to show that the road was previously rough and rocky was entirely insufficient to warrant a recovery in this case. The authorities of the mountain townships of Pennsylvania are not, under the law, required to constantly keep the infrequently used lateral roads in such a condition that no driver of an automobile or rider of a bicycle can possibly suffer the inconvenience of puncturing a tire, or that no one riding in a vehicle suitable only for a race track or a city speed-way can possibly meet

with an accident.   Townships are not to be held to the duty of keeping such roads perfectly smooth and free from ruts, it is only when such defects become dangerous and the authorities have express or implied notice of that fact that the failure to repair them becomes negligence.   " The same degree of smoothness is not to be expected upon a dirt road, as is to be looked for on an asphalt street.   It would hardly occur to a highway commissioner that a rut worn by wagon wheels in soft ground could be in any way dangerous to the public : " Clifton v. Philadelphia, 217 Pa. 102.   There was nothing in the evidence in this case to warrant a finding that the township authorities had notice, either express or implied, that the condition of the highway at the point where the plaintiff was injured involved danger to travelers.   The defendant was entitled to a binding instruction, and such instruction having been refused, the motion for judgment non obstante veredicto should have prevailed.

The judgment is reversed and judgment is here entered for the defendant.