## Green *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Hole in sidewalk—Notice—Time.*

In an action against a city to recover damages for personal injuries sustained by a woman who fell into a coal hole in a sidewalk, no recovery can be had where the testimony offered by the plaintiff shows that the cover for the hole was too small and would sometimes tilt, but that the defect was one that could only be observed by a very close examination.

To charge a municipality with constructive notice the defect must be apparent by a reasonable inspection, and a reasonable time must elapse before the city can be charged with notice, but where the defect can only be noticed by a close inspection, the length of time it has existed becomes immaterial.

Argued Nov. 30, 1915. Appeal, No. 176, Oct. T., 1915, by defendant, from judgment of C. P. No. 3, Philadelphia Co., June T., 1912, No. 2572, on verdict for plaintiff in case of William M. Green and Sarah Green, his wife, v. City of Philadelphia. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for personal injuries, sustained by falling into a coal hole in the sidewalk of the premises, 1744 Lombard street, in the City of Philadelphia. Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $200.00. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. C. Wilson,* with him *D. J. Callagan,* Assistant City Solicitor, and *Michael J. Ryan,* City Solicitor, for appellants, cited: Duncan v. Philadelphia, 173 Pa. 550.

No printed brief for appellee.

OPINION BY KEPHART, J., March 1, 1916:

This ·is an action to recover damages for personal injuries sustained by falling into a coal hole, because of its defective cover, in the sidewalk of Lombard street in the City of Philadelphia.  The chief question before us is whether the city had notice of the defective condition of the sidewalk.  The primary duty of keeping a sidewalk in repair rests upon the owner or occupier of the abutting premises.  The duty of the municipality is to see that the owner or occupier performs his duty.  If it fails in this respect it is liable to the injured party but the owner or occupier is ultimately liable for the defective condition: McLaughlin v. Kelly, 230 Pa. 251, and cases cited.  The only evidence bearing upon the defect in the sidewalk is that of the plaintiff and one other witness.  Plaintiff testified that she had passed the scene of the accident twice daily for a long period of time and she did not notice anything wrong with the sidewalk. The tenant who occupied the house abutting on the sidewalk where the accident occurred testified: "Q.—By looking at that coal hole could you see that the covering was too small for the hole?  A.—Not very good.  Q.— But you could notice it?  A.—You could if you looked very close."  The cover as testified by a witness, was too small for the hole and would sometimes tilt when stepped on and it was in that condition for four years.  There is no evidence of a structural defect in the original placing of the grating nor is there any evidence as to how the top became too small for the hole.  Whether it had been worn from constant use or broken ·does not appear. When the plaintiff stepped on it she said that it "looked all right."  She stated that after her fall she noticed that the chain which supported the covering was broken. It is clear from all of the plaintiff's testimony that the defect was not apparent and could not have been seen by a reasonable inspection.  It has been held that a munici-

pal corporation is not an insurer against all defects in its sidewalks latent as well as patent, but it is answerable for neglect in its duties in the construction and care of them.  For a defect arising in them without its fault it is not liable unless it has express notice or the defect be so notorious as to be evident to all passers: Burns v. Bradford, 137 Pa. 361;  Brader v. Lehman Township, 34 Pa. Superior Ct. 125;  Otto Township v. Wolf, 106 Pa. 608.  Whether there is sufficient evidence to sustain a finding that a defect is so notorious that notice may be implied is generally a question for the jury;  that is, a defect that could be noticed by reasonable inspection;  but where it is plain from the plaintiff's evidence that the defect is one that could be observed only by a very close examination, this standard of care would impose too harsh a rule and cause a municipality to be an insurer of the safety of pedestrians, and in such case it becomes the duty of the court to pass on the question of notice as a matter of law.  As stated in Lohr v. Philipsburg Borough, 156 Pa. 246, and repeatedly sustained since: "The city is entitled to notice, actual or implied, of the existence of the defect.  This is the settled rule even as to defects in the street, where the duty to keep in repair is primary and mandatory.  The charge of the learned judge would require the borough to know how long every pavement had been laid, and to keep informed of what repairs the owner had made upon it, in short, to seek for defects.  The law only requires that it shall be vigilant to observe them when they become observable to an officer exercising reasonable supervision. The difference is not one of mere words, but one of great practical importance, for it is always easy to show, after an accident, how the defect might have been found if it had been sought for; and to tell a jury that it is the duty of the municipality to seek, is to give them an opportunity, which few will hesitate to take, to make municipalities insurers against accidents of all kinds in the streets." To charge the city with constructive notice the defect

must be apparent by a reasonable inspection, and as to those defects a reasonable time must elapse before it may be said that the city should be charged with notice. "Hence the township is not liable, until knowledge of the act complained of is brought to the attention of the supervisors, unless the defect be so open and notorious as to be evident to all passers by. Even in the latter case, a reasonable time, depending upon the character and location of the obstruction, must elapse before the township can be held to constructive notice": Otto Township v. Wolf, 106 Pa. 608, but where the defect is only observable by exacting a high degree of care from the municipality the length of time that such defect has existed becomes immaterial. We do not find anything contrary to this opinion in Duncan v. City of Philadelphia, 173 Pa. 550. The points for charge there requested were similar to those declined in the case at bar and of those assignments the court says: "It is the duty of a municipality to exercise a reasonable supervision over its sidewalks; but as the first duty in relation to them rests upon the property owner, and that of the city is secondary only, it is not liable for defects without notice, actual or implied, of their existence......a municipality is not obliged to seek for defects, but to be 'vigilant to observe them when they become observable to an officer exercising a reasonable supervision.'" It is only necessary to sustain the assignment requesting binding directions, which is now done.

The judgment is reversed.