## Stanka *v.* Shamokin Borough, Appellant.

*Negligence—Boroughs—Sidewalks—Tile name plate in sidewalk —Slippery pavement—Snow.*

A municipality need not adopt the very best street paving construction. It is required to use or cause to be used materials that will make it reasonably safe for persons to walk upon.

A municipality cannot be charged with negligence in the selection of material for street paving construction where the ordinary pedestrian in walking over the pavement secures the adhesion necessary to prevent him from slipping. It is not required to use material that will secure immunity from injury. The selection of materials ordinarily safe for the traveling public is a matter within the discretion of the municipal officers, and the jury should not be permitted to pass upon the suitability of such materials for sidewalk construction.

Argued Oct. 27, 1916. Appeal, No. 282, Oct. T., 1916, by defendant, from judgment of C. P. Northumberland Co., Feb. T., 1915, No. 79, on verdict for plaintiff in case of Wadyslaw W. Stanka v. Shamokin Borough. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CUMMINGS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Error assigned,* among others, was in refusing judgment for defendant non obstante veredicto.

*J. A. Welsh,* with him *R. J. Glick,* for appellant.— Plaintiff was not entitled to recover: Erie v. Magill, 101

Pa. 616; Boyle v. Mahanoy City, 187 Pa. 1; Pittsburgh Southern Ry. v. Taylor, 104 Pa. 306; Robb v. Connellsville Borough, 137 Pa. 42; Stackhouse v. Vendig & Co., 166 Pa. 582; Seddon v. Bickley, 153 Pa. 271; King v. Thompson, 87 Pa. 365; Canavan v. Oil City, 183 Pa. 611.

*J. B. Reimensnyder,* with him *Albert Lloyd,* for appellee.—The slippery title name plate was the proximate cause of the injury: Eagle Hose Co. v. Electric Light Co., 33 Pa. Superior Ct. 581; Burrell Twp. v. Uncapher, 117 Pa. 353.

OPINION BY KEPHART, J., March 7, 1917:

The plaintiff was injured from a fall on a sidewalk in Shamokin, Northumberland County. He brought this action to recover damages, averring that the street at the place where the injury occurred was dangerously smooth and unsafe to walk over, and the borough was negligent in permitting it to remain in that condition for eighteen months, or from the time the street was constructed. The pavement in front of the property where plaintiff fell, is about twelve feet in width, and twenty-four feet in length, built of concrete, with a proper pitch to carry off the water. About the center of the part used by the public, a name plate was laid in the pavement. It was eight inches wide by five and one-half feet ·long, made of ordinary tile, of the same character that is used generally for foot traffic in buildings, doorways, etc., and ran parallel with the street. The entire pavement had a smooth, hard, even surface. This street is one of the most prominent thoroughfares in the borough. Thousands of people travel over it daily.

On February 13 and 14, 1914, a heavy snow fell, drifting to a depth of from fifteen inches to four feet over the street and pavement. Near the center of the walk, the snow had been tramped down, and, as testified by some witnesses, it was packed solidly over the name plate to a depth of about eight to ten inches. Plaintiff, however,

states that he did not think there was more than an inch of snow over the name plate when he started down the street at seven o'clock on the morning of the 14th, at which time he fell on the name plate.   He is not certain that snow had not collected on the bottom of his shoes, which would have a tendency to make his travel more difficult.   In determining the question under consideration, we must accept the plaintiff's testimony as being the correct narrative of the facts.

In Green v. Philadelphia, 63 Pa. Superior Ct. 121, we reviewed the authorities concerning the duty a city owed to the public with respect to its sidewalks, and therein considered the question of notice to the municipality as it applied to different conditions underlying defects in streets.

We are asked to declare that a sidewalk constructed in part of tile, of a level, smooth surface, is dangerous, and that it was negligent in the borough to permit its use.   The question is important.   In our cities we have large stretches of walks constructed of glass, set in frames, and used for the purpose of giving light.   There are hundreds of removable iron ventilators, and covers for coal holes.   We have numerous tile fronts, extending from the pavements into and covering the floors of stores, banks and other large buildings, and there are many tile name plates on streets used for display or advertising.

The duty is imposed on the municipality to keep its highways in a reasonably safe travelable condition.   It is not required to adopt the very best street paving construction, but is required to use or cause to be used materials that will make it reasonably safe for persons to walk upon.   If the material selected be such that ordinary pedestrians in walking over the pavement cannot secure that adhesion necessary to prevent them from slipping, it would be negligent for the borough to use or permit such material to be used.   But a municipality is not required to use material that will secure to the trav-

eling public immunity from injury.  Clearly there is a field between these two principles wherein the municipality in using its discretion cannot be charged with negligence.  We think the facts before us present such a case.  One witness stated that his little girl sometimes skated on the tile.  Other witnesses testified that children sometimes skated on the pavement, generally when there was snow or ice on it, or when it was wet.  This may readily be done on almost any smooth surface.  This evidence, however, is not in point.  The evidence as to the children's use of the pavement is not sufficient to establish such a slippery pavement, constructed of material that could not be ordinarily used by the public in safety.  As stated at the argument, the tile in the present case is the same as that ordinarily used for such purposes.

If the rule is to be adopted that where a pavement constructed of material in common use, for foot travel, is smooth (and occasionally when affected by moisture children skate or slide on it) and one pedestrian, out of the many thousands who use it, slips and receives an injury, the jury must pass on the suitability of such material for sidewalk construction, then there would be substituted for the discretion of the municipal officers that of the jury, whose opinion thereon might change as often as the personnel of the jury would change.  As was stated by Judge Dean, in Canavan v. Oil City, 183 Pa. 611: "There would be no difficulty in proving that the present improved asphalt pavement is more slippery than cobblestones, Belgian block or brick, and that an injured animal would not have fallen, except for the new pavement.  We are not inclined to increase municipal burdens by adding to or enlarging the established rule; established at least so far as concerns our own decisions. Judicial observation convinces us that under the present rule municipalities have as great a load as they can reasonably carry when they are required to provide 'reasonably safe' highways."

553, (1917).]　　　　　Opinion of the Court.

It was not negligence per se for the borough to permit tile to be used to make a name plate, nor did such material, as it is ordinarily made and used, present such a dangerous surface that would cause the pavement to be a menace to the traveling public, nor was the question of the reasonable adaptability of the materials used such a question that should have been submitted to the jury for their determination.　There was no evidence in this case from which the jury might find that ordinary tile is so dangerously smooth that it was negligent to allow it to be placed in the street as a part of the pavement.

The judgment is reversed, and is here entered for the defendant on its motion for judgment n. o. v.