## Neuin, Appellant, v. Pottsville.

*Negligence — Municipalities — Slippery pavement — Injuries to mule.*

A city cannot be held in damages for an injury to a mule resulting from its falling upon a street, where the only negligence charged is that the pavement on which the,animal fell was composed of wooden blocks laid close together, presenting a hard, smooth and even surface which when wet became slippery.

Argued Dec. 5, 1917.   Appeal, No. 304, Oct. T., 1917, by plaintiff, from order of C. P. Schuylkill Co., Sept. T., 1916, No. 219, refusing to take off nonsuit in case of Charles S. Neuin v. City of Pottsville.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for injuries to a mule. Before BECHTEL, P. J.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*G. H. Gerber,* with him *J. W. Moyer,* for appellant.— A municipality must construct its street in such manner as to be in safe passable condition: Edge v. Com., 7 Pa. 275; Phillips v. Graver, 44 Pa. 197; Dodson v. New Milford Twp., 5 W. & S. 545; McDade v. Chester, 117 Pa. 414; Scranton v. Catterson, 94 Pa. 202; Blaine v. Philadelphia, 33 Pa. Superior Ct. 177; Decker v. Scranton City, 151 Pa. 241.

*E. P. Leuschner,* for appellee.—Street paving is a municipal improvement and betterment intended for the better and modern accommodation of the traveling public, and will not be interfered with by the courts even though

the character of the paving is likely to cause some hardships to some part of the public having an easement over the same: Mahanoy City, Etc., Street Ry. Co. v. Ashland, 224 Pa. 375; Easton v. Neff, 102 Pa. 474.

OPINION BY PORTER, J., October 12, 1918:

The plaintiff brings this action to recover damages for an injury to his mule, resulting from its falling upon the street, which fall plaintiff alleges to have been caused by the negligence of the defendant in maintaining upon the street a pavement with a smooth, hard, even surface, which when wet became slippery. The evidence produced at the trial was to the effect that the plaintiff was driving his team along Centre street, Pottsville, there was an ice wagon standing at the place where he intended to stop and the water dripping from the ice had caused the pavement to become wet. When the ice wagon was driven away the plaintiff drove toward the curb and one of the mules slipped upon the wet pavement, fell and was so injured as to render it practically useless. The pavement of this cartway was composed of wooden blocks, laid close together, presenting a hard, smooth, and even surface, which when wet became slippery and, as a consequence, horses sometimes fell upon it. The court below entered a compulsory nonsuit, which it subsequently refused to take off, which action the appellant now assigns for error.

We have in this case no suggestion that the pavement was out of repair. The street had been paved with wooden blocks in accordance with the plan adopted by the municipal authorities, and there is no intimation that the work had not been done in strict accordance with the plan. The wooden blocks presented a hard, smooth, even surface which had been maintained in the condition by the municipal authorities intended. It may be granted that the evidence establishes that such a pavement would become slippery when wet. Was the negligence of the city, in maintaining such a pavement, a question to be

submitted to the jury? The time when and the materials with which a street of a city shall be paved are matters exclusively for the judgment of the municipal authorities, and not the subject of review by the courts. The municipality is not an insurer from accident or injury upon its streets. It is only bound to construct and keep in repair its highways, so that they shall be reasonably safe for the public who use them. The busy streets of a city would, in our climate, become at time impassable if not paved with some material giving a hard surface. It must be universally conceded that it is also desirable that the surface of the streets of a city shall be smooth and even. It is possible that hereafter some durable substance may be discovered for paving streets which will present a smooth, even surface and never become slippery, and at the same time be so soft that the calks of a horse's shoes will sink into it, but experience teaches that thus far no such substance has been applied by municipalities to the paving of busy streets. There may be some material better than wooden blocks for paving streets, but there is no duty on the city to adopt the very best. If we place such a burden upon the city, then the rule is no longer that the highways shall be maintained in a reasonably safe condition, but a higher duty is imposed, that is, that they shall be constructed in the very best method for safety. "This approaches very nearly to the liability of an insurer. It would result in submitting to a jury in case of every accident on a street the question, as to whether the municipality had adopted the very best kind of paving, both in material and design; and that fact would have to be ascertained from numerous expert witnesses, each favorable to some particular kind of paving as the best, and asserting that all other kinds were the worst or at least inferior. There would be no difficulty in proving that the present improved asphalt pavement is more slippery than cobblestone, Belgian block or brick, and that an injured animal would not have fallen, except for the new pavement. We are not in-

clined to increase municipal burdens by adding to or enlarging the established rule; at least so far as concerns our own decisions": Canavan v. Oil City, 183 Pa. 611.

Pavement composed of wooden blocks laid close together, presenting a hard, smooth, and even surface, while not the only method, is, nevertheless, one adopted in many cities all over this and other lands, and it cannot be pretended that a pavement of asphalt is not equally slippery when wet. There is no assertion that the pavement of Centre street was not a good one of its kind. The kind may not have been the best, but it was an ordinary approved method of construction. This brings the case within the principles announced in Canavan v. Oil City, supra; Boro. of Easton v. Neff, 102 Pa. 474, and Stanka v. Shamokin Boro., 66 Pa. Superior Ct. 553, and the court below was clearly right in refusing to take off the nonsuit.

The judgment is affirmed.