James M. Mickey *v.* The Township of Georges, Appellant.

438

Argued April 16, 1929.

Before TREX-LER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*F. H. Lane,* of *Jones, Whitehill & Lane,* for appellant, cited: Lohr v. Phillipsburg, 156 Pa. Superior Ct. 246; Brader v. Township of Lehman, 34 Pa. Superior Ct. 125.

*John Duggan, Jr.,* for appellee, cited: Hedricks v. Schuylkill Township, 16 Pa. Superior Ct. 508.

OPINION BY GAWTHROP, J., July 2, 1929:

The action is trespass to recover damages for injuries sustained on a public road in the defendant township, after it was dark, on the evening of February 26, 1919, when plaintiff was thrown from a cart in which he was riding and suffered a fractured jaw. Defendant appeals from judgment rendered against it.

The statement of the question's involved, which under the rules of this court must set forth or suggest all matters which appellant desires to be decided, all others being waived, presents two questions: (1) The sufficiency of the evidence to establish defendant's negligence; and (2) whether the evidence disclosed that plaintiff was guilty of contributory negligence as a matter of law. The plaintiff's statement averred, inter alia, that defendant negligently permitted the road to become in a dangerous condition by throwing large rocks and stones on the surface thereof, thereby rendering it dangerous for travel.

We shall state the case according to plaintiff's version, giving him the benefit of every favorable fact and inference.

The accident occurred on a new unimproved township road which recently had been laid out across a field for a distance of one hundred and eighty feet to connect two improved roads. It passed over a short section of soft ground which, in the winter time, became muddy and almost impassable. The supervisors had employed one Swaney to haul stone and dump and break them in the roadway. This work was being done at or about the time plaintiff was injured. The travelled part of the road was ten feet wide. For a distance of twenty feet one-half of the road was cov-

ered with "big rocks standing on their end" in the mud. One witness said: "They weren't level; they were standing up there in the mud; it was just a dirt road; they may have been leveled when they were thrown in, I couldn't say; they were standing on their end in all shapes . . . . . . ; there were some small stones and big ones . . . . . . ; all kinds, big, rough ones, thin stone and all kinds, what you get off the field." "Q. Off the field that had been plowed up? A. Yes, sir. Some of them were eighteen inches across." Another witness described the condition as a "pile of stone" and said that it extended about eighteen inches above the surface of the road on one-half of the roadway, and that some of the stone were about the size of a "gallon and a half bucket." When plaintiff was returning home on the night of the accident and had driven at a walk about fifteen or twenty feet into this road, his horse stumbled and fell "right on the end of the pile of stones" and plaintiff was thrown to the ground and sustained the injuries here involved. He testified that on the night of the accident there was no lantern or other device to warn him of the condition of the road, which he found early the following morning to be in the condition above described. According to his testimony there was no stone on the travelled part of the road when he passed over it a week prior to the day of the accident and he did not know on the evening of the accident that it was dangerous.

(1) While the testimony of the witness Swaney, called by plaintiff, and defendant's witnesses differed widely from that of plaintiff and his son, who accompanied him on the night of the accident, the questions, what was the condition of the road, and whether it established the negligence of defendant, were for the jury. While the general rule is that a township is not liable for a defect arising in a highway unless it has express notice, or the defect is so notorious as to

be evident to all observers and existed long enough for its officers to observe it (Brader v. Township of Lehman, 34 Pa. Superior Ct. 125), when the condition is caused by the doing of work on the road under the authority of its proper officers, the question of notice is not involved, and the only question is whether it was in a reasonably safe condition for ordinary travel.

(2) The question of contributory negligence was clearly for the jury. It is urged in behalf of defendant that plaintiff had another safe and convenient way by which he could have reached his home, the road which he had used in going from it. It is only where the facts plainly show that the injured person had a choice of two ways, one of which was safe and the other of which was subject to risks and danger, that it can be said as a matter of law that he was guilty of contributory negligence: McMananon v. Hanover Township, 232 Pa. 439, 445. There is no evidence in the case that plaintiff knew, when he undertook to use the road on the night of the accident, that it was not in the same condition in which it was when he used it a week before when at most it was in a muddy and rough condition, but not such as would cause a reasonably prudent person to refrain from travelling upon it.

We conclude that the issues of negligence and contributory negligence were for the jury, and that no error was committed in refusing to give binding instructions for defendant.

The assignments of error, complaining of the refusal of binding instructions and the overruling of defendant's motion for judgment n. o. v., are overruled, and the others are dismissed because the matters intended to be raised thereby are not covered by the statement of questions involved.

The judgment is affirmed.